MANNS, APPELLANT, *v.* GANSHEIMER, WARDEN, ET AL., APPELLEES.

[Cite as *Manns v. Gansheimer,* 117 Ohio St.3d 251, 2008-Ohio-851.]

(No. 2007–1811—Submitted February 27, 2008—Decided March 5, 2008.)

**Per Curiam.**

{¶ 1} This is an appeal from a judgment denying a writ of habeas corpus. Because the appellant had an adequate remedy at law by appeal to raise his claim of sentencing error, we affirm the judgment of the court of appeals.

{¶ 2} The Cuyahoga County Court of Common Pleas convicted appellant, Michael Manns, of aggravated murder with accompanying specifications, ten counts of aggravated robbery, and ten counts of kidnapping. In 1977, the common pleas court sentenced Manns to death on his aggravated murder conviction and sentenced him to concurrent prison terms of seven to 25 years on his remaining convictions.

{¶ 3} On appeal, the Court of Appeals for Cuyahoga County affirmed the convictions but modified the death sentence to a term of life imprisonment, based on *Lockett v. Ohio* (1978), 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973, and *Bell v. Ohio* (1978), 438 U.S. 637, 98 S.Ct. 2977, 57 L.Ed.2d 1010. *State v. Manns* (Mar. 8, 1979), Cuyahoga App. No. 38526, 1979 WL 210029, *4. In *Lockett* and *Bell*, the United States Supreme Court held the applicable version of Ohio's death-penalty scheme unconstitutional.

{¶ 4} In February 2007, Manns filed a petition in the Court of Appeals for Ashtabula County ("court of appeals") for a writ of habeas corpus to compel appellees, Lake Erie Correctional Institution Warden Rich Gansheimer and Ohio Department of Rehabilitation and Correction Director Terry J. Collins, to release him from prison because the Cuyahoga County Court of Common Pleas had never resentenced him after the Court of Appeals for Cuyahoga County vacated his death sentence. Appellees filed a motion for summary judgment. In August 2007, the court of appeals granted appellees' motion and entered judgment in favor of appellees.

{¶ 5} In his appeal as of right, Manns asserts that the court of appeals erred in denying the writ of habeas corpus. For the following reasons, however, the court of appeals' judgment was proper.

{¶ 6} First, sentencing errors are not jurisdictional and are not remediable in habeas corpus. *State ex rel. Sneed v. Anderson,* 114 Ohio St.3d 11, 2007-Ohio-2454, 866 N.E.2d 1084, ¶ 7. Manns "has or had adequate remedies in the ordinary course of law, e.g., appeal and postconviction relief, for review of any alleged sentencing error." *State ex rel. Jaffal v. Calabrese,* 105 Ohio St.3d 440, 2005-Ohio-2591, 828 N.E.2d 107, ¶ 5. Manns could have appealed the 1979 Court of Appeals for Cuyahoga County judgment that he now challenges by extraordinary writ, but he did not.

{¶ 7} Second, as the court of appeals held, the Court of Appeals for Cuyahoga County was authorized to modify Manns's death sentence to life imprisonment based on App.R. 12(A)(1)(a), which authorizes courts of appeals to "[r]eview and affirm, modify, or reverse the judgment or final order appealed." Cf. *Cotten v. Houk,* Madison App. No. CA2003–12–041, 2004-Ohio-5823, 2004 WL 2453325, ¶ 7 (affirming dismissal of habeas corpus petition based on holding that Ohio Supreme Court was authorized to modify petitioner's death sentence to life imprisonment after *Lockett* and *Bell* ).

{¶ 8} Therefore, because Manns did not establish his entitlement to the requested extraordinary writ of habeas corpus, we affirm the judgment of the Court of Appeals for Ashtabula County denying the writ.

Judgment affirmed.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

––––––––––

Michael Manns, pro se.

Marc Dann, Attorney General, and Jerri L. Fosnaught, Assistant Attorney General, for appellees.