[Cite as *State ex rel. Jelinek v. Schneider*, 127 Ohio St.3d 332, 2010-Ohio-5986.]

THE STATE EX REL. JELINEK, APPELLANT, *v.* SCHNEIDER, JUDGE, ET AL.,
APPELLEES.

[Cite as *State ex rel. Jelinek v. Schneider*,

127 Ohio St.3d 332, 2010-Ohio-5986.]

*Court of appeals' judgment denying petition for writs of mandamus, procedendo,*
*and prohibition affirmed — Court of common pleas judge did not patently*
*disregard the court of appeals' mandate on remand.*

(No. 2010-0824 — Submitted November 16, 2010 — Decided

December 14, 2010.)

APPEAL from the Court of Appeals for Franklin County,

No. 08AP-957, 2010-Ohio-1220.

_____

**BROWN, C.J.**

{¶ 1}   This is an appeal from a judgment entered by the court of appeals
denying a petition for writs of mandamus, procedendo, and prohibition to compel
appellees Franklin County Court of Common Pleas and Judge Charles A.
Schneider to carry out the court of appeals' mandate in a previous appeal by
allowing appellant to allege constructive discharge in conducting a new trial on an
age-discrimination claim.   Because the common pleas court and Judge Schneider
did not patently and unambiguously disregard the court of appeals' mandate, we
affirm the judgment of the court of appeals denying the requested extraordinary
relief.

**Facts**

{¶ 2}   In September 1999, appellant, David A. Jelinek, filed a complaint
in the Franklin County Court of Common Pleas against appellee Abbott
Laboratories, Ross Products Division ("Abbott") and several current and former

Abbott employees, including appellees Karl V. Insani and Gregory A. Lindberg. Jelinek alleged that "[a]fter 30 years in various sales capacities with Ross Laboratories and the Ross Products Division of Abbott Laboratories, [he] was retaliated against, demoted and constructively terminated by defendants on the basis of his age." Jelinek sought damages. After the common pleas court granted summary judgment in favor of the defendants on all of his claims, he appealed.

{¶ 3} In his assignments of error, Jelinek claimed that the trial court had erred in granting summary judgment on the claims of age discrimination, promissory estoppel, constructive discharge, retaliation, and wrongful discharge in violation of public policy. In September 2001, the Court of Appeals for Franklin County reversed the judgment of the trial court on the claims of age discrimination, promissory estoppel, and constructive discharge and remanded the cause to that court for further proceedings. *Jelinek v. Abbott Laboratories* (Sept. 13, 2001), Franklin App. No. 01AP-217, 2001 WL 1045534 ("*Jelinek I*"). The court of appeals affirmed the judgment of the trial court on the remaining claims. Id.

{¶ 4} On remand, the matter proceeded to a jury trial before Judge John P. Bessey, and the jury returned a verdict against Abbott, Insani, and Lindberg on the age-discrimination claim, awarding Jelinek $700,000 in compensatory damages for emotional distress, $25,000,000 in punitive damages, and attorney fees. Although the jury found in favor of Jelinek on his age-discrimination claim based on his job transfer to Lake County, Indiana, the jury answered in an interrogatory that he did not prove by a preponderance of the evidence that "the transfer resulted in working conditions that were so intolerable that a reasonable person would have been compelled to resign from his employment with Abbott." Thus, the jury found in favor of the defendants on Jelinek's claims for constructive discharge. The defendants also prevailed on Jelinek's promissory-estoppel claim.

**{¶ 5}** On June 23, 2003, Judge Bessey entered a judgment notwithstanding the verdict ("JNOV") in favor of the defendants and against Jelinek on his age-discrimination claim. In the alternative, the judge ordered that "defendants' motion for new trial on plaintiff's claim of age discrimination is hereby conditionally granted should the JNOV in favor of Abbott Laboratories, Karl V. Insani or Gregory A. Lindberg be vacated or reversed on appeal." In the same judgment entry, Judge Bessey entered judgment in favor of the defendants on Jelinek's promissory-estoppel and constructive-discharge claims.

**{¶ 6}** Jelinek appealed, and the defendants cross-appealed. Jelinek raised several assignments of error, including one relating to his constructive-discharge claim:

**{¶ 7}** "IV. The trial court erred in excluding certain evidence related to plaintiff's constructive discharge claim which resulted in an adverse jury verdict on plaintiff's constructive discharge claim."

**{¶ 8}** In October 2005, the court of appeals reversed the judgment of the common pleas court insofar as the court granted the defendants' motion for judgment notwithstanding the verdict on Jelinek's age-discrimination claim, but it affirmed the portion of the judgment conditionally granting the defendants' motion for a new trial on the age-discrimination claim. *Jelinek v. Abbott Laboratories*, 164 Ohio App.3d 607, 2005-Ohio-5696, 843 N.E.2d 807 ("*Jelinek II*"). The court of appeals overruled Jelinek's assignment of error regarding the constructive-discharge claim.

**{¶ 9}** Two retrials of Jelinek's age-discrimination claim ended in mistrials, and Judge Bessey recused himself from the case in February 2008. Judge Schneider was then assigned to the case. In September 2008, Judge Schneider issued a decision stating that "the scope of the new trial is confined to the age-discrimination claim and excludes a retrial of the constructive-discharge claim, including facts or allegations that relate to that claim."

**{¶ 10}** The next month, Jelinek filed a complaint in the court of appeals for writs of mandamus and procedendo to compel the common pleas court and Judge Schneider to conduct a new trial on the issue or claim of constructive discharge in the context of his age-discrimination claim. Jelinek also sought a writ of prohibition to prevent the common pleas court and Judge Schneider from disregarding the court of appeals' mandate in *Jelinek II* by excluding evidence of constructive discharge in the retrial of his age-discrimination claim. Appellees, Abbott, Insani, and Lindberg, intervened as additional respondents in the writ action. Following the submission of evidence and briefs, the court of appeals denied the writs.

**{¶ 11}** Jelinek appealed from that judgment, and the cause is now before the court as an appeal as of right.

### Legal Analysis

**{¶ 12}** Extraordinary relief is appropriate to require a lower court to comply with and not proceed contrary to the mandate of a superior court. See *State ex rel. Non-Employees of Chateau Estates Resident Assn. v. Kessler*, 107 Ohio St.3d 197, 2005-Ohio-6182, 837 N.E.2d 778, ¶ 14 (mandamus and procedendo); *State ex rel. Danziger v. Yarbrough*, 114 Ohio St.3d 261, 2007-Ohio-4009, 871 N.E.2d 593, ¶ 8 (prohibition). This precedent is supported by the law-of-the-case doctrine, which "is necessary to ensure consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts as designed by the Ohio Constitution." *Hopkins v. Dyer*, 104 Ohio St.3d 461, 2004-Ohio-6769, 820 N.E.2d 329, ¶ 15. "The portion of the [law-of-the-case] doctrine generally applied in extraordinary-writ cases provides that '[a]bsent extraordinary circumstances, such as an intervening decision by the Supreme Court, an inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case.' " *State ex rel.*

*Dannaher v. Crawford* (1997), 78 Ohio St.3d 391, 394, 678 N.E.2d 549, quoting *Nolan v. Nolan* (1984), 11 Ohio St.3d 1, 11 OBR 1, 462 N.E.2d 410, syllabus.

{¶ 13} Nevertheless, neither mandamus, nor procedendo, nor prohibition will issue if the party seeking extraordinary relief has an adequate remedy in the ordinary course of law. See *State ex rel. Mosier v. Fornof*, 126 Ohio St.3d 47, 2010-Ohio-2516, 930 N.E.2d 305, ¶ 2 (mandamus and prohibition); *State ex rel. Hazel v. Bender*, 125 Ohio St.3d 448, 2010-Ohio-2112, 928 N.E.2d 1092, ¶ 1 (procedendo). "In the absence of a patent and unambiguous lack of jurisdiction, a court having general subject-matter jurisdiction can determine its own jurisdiction, and a party contesting that jurisdiction has an adequate remedy by appeal." *State ex rel. Plant v. Cosgrove*, 119 Ohio St.3d 264, 2008-Ohio-3838, 893 N.E.2d 485, ¶ 5.

{¶ 14} The court of appeals is in the best position to interpret its own mandate in *Jelinek II* and determine whether Judge Schneider violated that mandate. See, e.g., *State ex rel. Pyle v. Bessey*, 112 Ohio St.3d 119, 2006-Ohio-6514, 858 N.E.2d 383, ¶ 12. The court of appeals expressly determined that its prior mandate in *Jelinek II* did not order retrial of Jelinek's constructive-discharge theory and that Judge Schneider had "not acted in a manner inconsistent with this court's mandate in *Jelinek II*." *State ex rel. Jelinek v. Schneider*, 10th Dist. No. 08AP-957, 2010-Ohio-1220, ¶ 15 and 17. Moreover, "the use of extraordinary relief to enforce a judgment is not widespread, because of the availability of other means of enforcement, e.g., motion for contempt." *Dzina v. Celebrezze*, 108 Ohio St.3d 385, 2006-Ohio-1195, 843 N.E.2d 1202, ¶ 14; *State ex rel. Obojski v. Perciak*, 113 Ohio St.3d 486, 2007-Ohio-2453, 866 N.E.2d 1070, ¶ 16.

{¶ 15} The common pleas court and Judge Schneider did not patently and unambiguously disregard the court of appeals' mandate in *Jelinek II*. Jelinek has adequate remedies in the ordinary course of law by appeal and by motion for

contempt to challenge Judge Schneider's rulings on remand.  See *Dzina*, 108 Ohio St.3d 385, 2006-Ohio-1195, 843 N.E.2d 1202, ¶ 14.

**Conclusion**

**{¶ 16}** Based on the foregoing, the court of appeals properly denied Jelinek's request for extraordinary relief in mandamus, procedendo, and prohibition.  Accordingly, we affirm the judgment of the court of appeals.[1]

Judgment affirmed.

LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

PFEIFER, J., concurs in judgment only.

_____

Law Offices of Russell A. Kelm, Russell A. Kelm, and Joanne W. Detrick, for appellant.

Ron O'Brien, Franklin County Prosecuting Attorney, and Patrick J. Piccininni, Assistant Prosecuting Attorney, for appellees Franklin County Court of Common Pleas and Judge Charles A. Schneider.

Winston & Strawn, L.L.P., James F. Hurst, Derek J. Sarafa, and Samantha L. Maxfield;[2] and Vorys, Sater, Seymour & Pease, L.L.P., Michael G. Long, and Lisa Pierce Reisz, for appellees Abbott Laboratories, Ross Products Division, Karl V. Insani, and Gregory A. Lindberg.

_____

---

1.  We deny Jelinek's request for oral argument.  This case does not raise any complex factual or legal issues, and the parties' briefs are sufficient for us to resolve the case.  *State ex rel. Cordray v. Marshall*, 123 Ohio St.3d 229, 2009-Ohio-4986, 915 N.E.2d 633, ¶ 41.
2. The motion for admission pro hac vice of James F. Hurst, Derek J. Sarafa, and Samantha L. Maxfield by Lisa Pierce Reisz is granted.