THE STATE EX REL. HUDSON, APPELLANT, *v.* SUTULA, JUDGE, ET AL.,

APPELLEES.

[Cite as *State ex rel. Hudson v. Sutula,* **131 Ohio St.3d 177, 2012-Ohio-554.**]

*Mandamus and procedendo—Sentencing errors—Adequate remedy by appeal precludes issuance of writs.*

(No. 2011-1680—Submitted February 8, 2012—Decided February 16, 2012.)

APPEAL from the Court of Appeals for Cuyahoga County,

No. 96705, 2011-Ohio-4644.

_____

**Per Curiam.**

**{¶ 1}** We affirm the judgment of the court of appeals dismissing the complaint of appellant, William Hudson, for writs of mandamus and procedendo to compel appellees, Judge John D. Sutula and the Cuyahoga County Court of Common Pleas, to resentence him to account for his allied offenses of similar import. Neither mandamus nor procedendo will issue if the party seeking extraordinary relief has an adequate remedy in the ordinary course of law. *State ex rel. Jelinek v. Schneider*, 127 Ohio St.3d 332, 2010-Ohio-5986, 939 N.E.2d 847, ¶ 13. Hudson had an adequate remedy by way of appeal to raise the claimed sentencing error. *See generally Manns v. Gansheimer*, 117 Ohio St.3d 251, 2008-Ohio-851, 883 N.E.2d 431, ¶ 6 ("sentencing errors are not jurisdictional and are not remediable * * * by extraordinary writ"); *compare Smith v. Voorhies*, 119 Ohio St.3d 345, 2008-Ohio-4479, 894 N.E.2d 44, ¶ 10 ("allied-offense claims are nonjurisdictional and are not cognizable in habeas corpus"). And Hudson's double-jeopardy claim was also remediable by appeal rather than by extraordinary writ. *See State ex rel. Douglas v. Burlew*, 106 Ohio St.3d 180, 2005-Ohio-4382, 833 N.E.2d 293, ¶ 15.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and McGEE BROWN, JJ., concur.

————————————

William Hudson, pro se.

William D. Mason, Cuyahoga County Prosecuting Attorney, and James E. Moss, Assistant Prosecuting Attorney, for appellee.

————————————