[Cite as *State ex rel. Perdue v. Deweese*, 2012-Ohio-2858.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO, EX. REL<br>IVORY PERDUE | JUDGES:<br>Hon. W. Scott Gwin, P.J.<br>Hon. William B. Hoffman, J. |
| Relator | Hon. Julie A. Edwards, J. |
| -vs- | Case No. 12CA19 |
| JUDGE JAMES DEWEESE, ET AL. | O P I N I O N |
| Respondent | |

CHARACTER OF PROCEEDING:        Writs of Mandamus and Procedendo

JUDGMENT:        Dismissed

DATE OF JUDGMENT ENTRY:        June 21, 2012

APPEARANCES:

For Relator

IVORY PERDUE
P.O. Box 788 (463-864)
Mansfield, Ohio 44901-0788

For Respondent

JILL M. COCHRAN
Assistant Richland County Prosecutor
38 South Park Street, 2nd Floor
Mansfield, Ohio 44902

*Hoffman, J.*

{¶1} Relator, Ivory Perdue, has filed a Complaint for Mandamus and/or Procedendo requesting this Court order Respondent DeWeese to resentence Relator. The basis of Relator's claim is that he believes his sentence is void because the trial court did not issue a determination as to whether the Relator's convictions were allied offenses of similar import.

{¶2} Relator filed a motion with the trial court raising this issue. The trial court denied the motion on the basis of res judicata. Relator did not file a notice of appeal. Rather, he filed the instant cause of action.

{¶3} The exact issue raised herein was recently addressed by the Supreme Court in *State ex rel. Hudson v. Sutula* 131 Ohio St.3d 177, 177, 962 N.E.2d 798, 798 (Ohio,2012). In *Hudson*, the Relator sought writs of mandamus and procedendo to compel the trial court to resentence him to "account for his allied offenses." *Id.* The Court held, "Neither mandamus nor procedendo will issue if the party seeking extraordinary relief has an adequate remedy in the ordinary course of law. *State ex rel. Jelinek v. Schneider,* 127 Ohio St.3d 332, 2010-Ohio-5986, 939 N.E.2d 847, ¶ 13. Hudson had an adequate remedy by way of appeal to raise the claimed sentencing error. *See generally Manns v. Gansheimer,* 117 Ohio St.3d 251, 2008-Ohio-851, 883 N.E.2d 431, ¶ 6 ("sentencing errors are not jurisdictional and are not remediable * * * by extraordinary writ"); *compare* **799 *Smith v. Voorhies,* 119 Ohio St.3d 345, 2008-Ohio-4479, 894 N.E.2d 44, ¶ 10 ("allied-offense claims are nonjurisdictional and are not cognizable in habeas corpus")." *Id.*

**{¶4}** Because Relator has or had an adequate remedy at law, neither mandamus nor procedendo lie. For this reason, the instant complaint is dismissed for failure to state a claim upon which relief may be granted.

By: Hoffman, J.

Gwin, P.J. and

Edwards, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin_____
HON. W. SCOTT GWIN


s/ Julie A. Edwards_____
HON. JULIE A. EDWARDS

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO, EX. REL         :
IVORY PERDUE                      :
      Relator                   :
                                 :
-vs-                         :           JUDGMENT ENTRY
                                 :
JUDGE JAMES DEWEESE, ET AL.   :
                                 :
      Respondent         :           Case No. 12CA19

For the reasons stated in our accompanying Opinion, the instant complaint is dismissed. Costs to Relator.

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin_____
HON. W. SCOTT GWIN


s/ Julie A. Edwards_____
HON. JULIE A. EDWARDS