[Cite as *State v. Johnson*, 2012-Ohio-4251.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

EFREM R. JOHNSON

    Appellant

C.A. No.     26167

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR 10 03 0866

DECISION AND JOURNAL ENTRY

Dated: September 19, 2012

DICKINSON, Judge.

INTRODUCTION

**{¶1}** Efrem Johnson pleaded guilty to one count of aggravated murder with a firearm specification and one count of having weapons while under disability. The trial court sentenced him to life in prison on the aggravated murder charge, three years on the firearm specification, and three years on the having-weapons-under-disability charge. Mr. Johnson did not appeal, but later moved the court to set aside his sentence, asserting that it was void because it did not merge allied offenses of similar import. The court denied his motion. Mr. Johnson then moved the court to alter, amend, or correct a void judgment, asserting that it had not correctly imposed post-release control. The court denied his motion. Mr. Johnson has appealed the denial of his motion to alter, amend, or correct a void judgment, arguing that his plea was not knowing and voluntary, that he was sentenced for a non-existent crime, that the firearm specification and the having-weapons-under-disability offense should have merged at sentencing, and that the trial court

should have held a hearing on his motion. We affirm because Mr. Johnson may not raise issues on appeal that he did not raise in his motion.

### MOTION TO ALTER, AMEND, OR CORRECT A VOID JUDGMENT

{¶2} Mr. Johnson's first assignment of error is that the trial court exercised improper discretion when it failed to schedule a hearing on his motion to alter, amend, or correct a void judgment. While he has conceded in his brief that the court correctly denied his motion to the extent that he had argued in support of it that the court had not properly imposed post-release control, he has argued that the court ignored another issue that he had raised in his motion. According to Mr. Johnson, he also asserted that the court should allow him to withdraw his guilty plea because the court did not comply with Rule 11 of the Ohio Rules of Criminal Procedure when it accepted his plea.

{¶3} The trial court did not overlook any issues raised by Mr. Johnson in his motion. The motion was entirely devoted to Mr. Johnson's argument that the court incorrectly imposed post-release control when it sentenced him. According to Mr. Johnson, his motion also challenged the validity of his guilty plea by implication because it contained a citation to *State v. Clark*, 119 Ohio St. 3d 239, 2008-Ohio-3748. In *Clark*, the Ohio Supreme Court did address the requirements of a valid plea colloquy. *See id*. at ¶ 24-32. It explained in another part of the opinion, however, that post-release control does not apply to unclassified felonies like aggravated murder. *Id*. at ¶ 36. In his motion, the only paragraph that Mr. Johnson cited from *Clark* was the paragraph in which the Supreme Court explained that post-release control does not apply to unclassified felonies. Mr. Johnson cited the paragraph solely to support his argument that, "because murder and aggravated murder are unclassified felonies, post release control does not apply (see, *State v. Clark*, 893 N.E.2d 462 at ¶36 (citing Ohio Revised Code §2867.28))." In

addition, the argument Mr. Johnson made in support of his motion that the court did not properly notify him about post-release control at sentencing cannot reasonably be construed as an argument that the court did not properly notify him about post-release control when it accepted his plea. Accordingly, we conclude that Mr. Johnson did not challenge the validity of the guilty plea in his motion to alter, amend, or correct a void judgment. We, therefore, decline to address Mr. Johnson's argument regarding the validity of the plea colloquy. *State v. Saravia*, 9th Dist. No. 25977, 2012-Ohio-1443, ¶ 17 ("This Court will not consider arguments made by an appellant for the first time on appeal.").

**{¶4}** Mr. Johnson has also argued that his sentence is invalid because it imposed a three-year prison term for "Possession of a Firearm," which, he contends, is not a criminal offense under the laws of the State of Ohio. Because Mr. Johnson did not raise this issue in his motion to alter, amend, or correct a void judgment, we decline to consider it. *State v. Saravia*, 9th Dist. No. 25977, 2012-Ohio-1443, ¶ 17. Even if we were to address Mr. Johnson's argument, we would conclude that the court's "Possession of a Firearm" language is an obvious reference to the firearm specification. Under Section 2929.14(D)(1)(a) of the Ohio Revised Code, a court must impose "[a] prison term of three years if the specification . . . charges the offender with having a firearm on or about the offender's person . . . and displaying the firearm, brandishing the firearm, indicating that the offender possessed the firearm, or using it to facilitate the offense[.]" R.C. 2929.14(D)(1)(a)(ii), effective Apr. 7, 2009. While Section 2929.19(B)(2)(b) requires that a sentencing entry include "the name . . . of any specification or specifications for which sentence is imposed and the sentence or sentences imposed for the specification or specifications," Mr. Johnson has not cited any authority for how a firearm specification must be "name[d]" in a sentencing entry.

**{¶5}** Mr. Johnson did not argue in his motion to alter, amend, or correct a void judgment that the plea colloquy was deficient or that the court did not properly describe his firearm-specification sentence in its judgment entry. His first assignment of error is overruled.

HEARING

**{¶6}** Mr. Johnson's second assignment of error is that the trial court should have held a hearing on whether he was improperly sentenced on allied offenses of similar import. He has argued that the court should have considered whether he could be sentenced for both the aggravated-murder firearm specification and the having-weapons-under-disability count.

**{¶7}** In his motion to alter, amend, or correct a void judgment, Mr. Johnson did not argue that the trial court improperly sentenced him on allied offenses. *State v. Saravia*, 9th Dist. No. 25977, 2012-Ohio-1443, ¶ 17 ("This Court will not consider arguments made by an appellant for the first time on appeal."). While he did raise the issue in his motion to set aside a void sentence, the court denied his motion on August 25, 2011, and Mr. Johnson did not file a timely appeal from its decision. Furthermore, this Court has held that the failure to merge allied offenses does not result in a void sentence, which could be corrected notwithstanding Mr. Johnson's failure to raise the issue in his second post-trial motion. *State v. Abuhilwa*, 9th Dist. No. 25300, 2010-Ohio-5997, ¶ 8 (concluding that failure to merge firearm specifications did not result in a void sentence); *Cincinnati Sch. Dist. Bd. of Educ. v. Hamilton County Bd. of Revision*, 87 Ohio St. 3d 363, 368 (2000) ("recogniz[ing] the inherent power of courts to vacate void judgments").

**{¶8}** Because Mr. Johnson did not challenge the trial court's failure to merge offenses in his motion to alter, amend, or correct a void judgment, the court did not err when it did not hold a hearing on his motion. Mr. Johnson's second assignment of error is overruled.

CONCLUSION

**{¶9}** The trial court correctly denied Mr. Johnson's motion to alter, amend, or correct a void judgment. The judgment of the Summit County Common Pleas Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CLAIR E. DICKINSON
FOR THE COURT

BELFANCE, J.
CONCURS IN JUDGMENT ONLY.

6

CARR, P. J.
CONCURRING.

{¶10} I join in the majority's conclusion that Johnson may not raise issues on appeal that he did not present to the trial court in the first instance. I write separately to emphasize that while the improper imposition of post-release control results in that specific part of the sentence being void, res judicata applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, paragraph three of the syllabus. Thus, even if Johnson had raised other issues relating to his plea and sentence in his motion to "alter, amend or correct" a post-release control error, those issues would have been barred by the doctrine of res judicata.

APPEARANCES:

JACQUENETTE S. CORGAN, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.