[Cite as *State v. Grant*, 2013-Ohio-3421.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


STATE OF OHIO,                    :            APPEAL NO. C-120695
                                               TRIAL NO. B-9702360-A
    Plaintiff-Appellee,      :

 vs.                              :            *O P I N I O N.*

JAMES GRANT,                      :

    Defendant-Appellant.     :


Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed as Modified

Date of Judgment Entry on Appeal:  August 7, 2013


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*James Grant,* pro se.


Please note:  We have removed this case from the accelerated calendar.

**DeWine, Judge**.

{¶1} Defendant James Grant appeals from the Hamilton County Common Pleas Court's judgment overruling his "Motion to Correct Void Sentence." Mr. Grant contended that he is entitled to relief because he was convicted and sentenced for allied offenses of similar import in violation of R.C. 2941.25(A). We conclude that Mr. Grant's motion failed to satisfy the time or jurisdictional requirements of Ohio's postconviction relief statutes. And while a trial court does have jurisdiction to correct a void judgment, we conclude that errors involving allied offenses do not render a judgment void. Accordingly, we affirm the common pleas court's judgment as modified.

## *Background*

{¶2} Mr. Grant was convicted in 1997 of involuntary manslaughter, aggravated burglary, two counts of aggravated robbery, and three counts of kidnapping. In his direct appeal, this court reversed and remanded for the trial court to make the then-necessary statutory sentencing findings and to merge the allied offenses of aggravated robbery and kidnapping as to two of his victims. *State v. Grant*, 1st Dist. Hamilton No. C-971001, 2001 Ohio App. LEXIS 1388 (Mar. 23, 2001), *appeal not allowed*, 92 Ohio St.3d 1443, 751 N.E.2d 482 (2001). After the trial court resentenced Mr. Grant, he unsuccessfully challenged his convictions in direct appeals to this court and to the Ohio Supreme Court, *State v. Grant*, 1st Dist. Hamilton No. C-010632 (June 5, 2002), *appeal not allowed,* 96 Ohio St.3d 1524, 2002-Ohio-5099, 775 N.E.2d 864, and, collaterally, in postconviction motions filed with the common pleas court in 2008 and 2012.

{¶3} In his 2012 "Motion to Correct Void Sentence," Mr. Grant argued the trial court should have merged all his convictions together pursuant to R.C. 2941.25

on the ground that they are allied offenses of similar import committed with the same conduct. In a single assignment of error, Mr. Grant challenges the overruling of his motion.

### *The Motion Does Not Meet the Prerequisites of Ohio's Postconviction-Relief Statutes*

{¶4} We will first review Mr. Grant's motion under Ohio's postconviction statutes, R.C. 2953.21 et seq. Mr. Grant filed his postconviction motion well after the expiration of the time prescribed by R.C. 2953.21(A)(2). R.C. 2953.23 closely circumscribes the jurisdiction of a common pleas court to entertain a late postconviction claim: the petitioner must show either that he was unavoidably prevented from discovering the facts upon which his claim depends, or that his claim is predicated upon a new or retrospectively applicable right recognized by the United States Supreme Court; and he must show "by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found [him] guilty of the offense of which [he] was convicted." Mr. Grant did not satisfy these requirements, and, as a result, the common pleas court was without jurisdiction to entertain his postconviction motion. *See* R.C. 2953.23(A).

### *The Judgment is Not Void*

{¶5} A trial court does have jurisdiction to correct a void judgment. *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 18-19. But this court has previously held that an error involving allied offenses does not make a sentence void, only voidable. *State v. Lee*, 1st Dist. Hamilton No. C-120307, 2013-Ohio-1811, ¶ 8. In *Lee*, however, we never set forth a rationale for this conclusion. I think it appropriate to do so now.

{¶6} Historically, a void sentence was understood to be one imposed by a court that is "lacking subject matter jurisdiction or the authority to act." *State v.*

3

*Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 27. "A voidable sentence," on the other hand, "is one that a court has jurisdiction to impose, but was imposed irregularly or erroneously." *Id.* Under the traditional view, a sentence that is not void, but merely voidable, may only be successfully challenged on direct appeal. *Id.* at ¶ 28. Errors in the imposition of a sentence generally were considered nonjurisdictional and simply made the sentence voidable. *See, e.g., Majoros v. Collins*, 64 Ohio St.3d 442, 443, 596 N.E.2d 1038 (1992). Such a result was consistent with principles of res judicata and promoted the interest of finality of judgments.

{¶7} In recent years, however, the Ohio Supreme Court has been more willing to conclude that certain sentencing errors render a sentence void. In *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 8-9, the court explained that despite the general rule that void sentences are "typically" only those in which a court lacked subject matter jurisdiction, "in the modern era, Ohio law has consistently recognized a narrow, and imperative, exception to that general rule: a sentence that is not in accordance with statutorily mandated terms is void."

{¶8} Thus, the question before us is whether a trial court's incorrect application of the rule regarding allied offenses set forth in R.C. 2941.25 falls within this "narrow and imperative exception" so as to render a sentence void. For the reasons that follow, I hold that it does not.

{¶9} A necessary starting place for consideration of the question before us is a review of the types of cases where the Ohio Supreme Court has found that a sentencing error renders a sentence void. The court's work in this area has been most pronounced in cases dealing with the imposition of postrelease control. In a series of cases, the court has held that where a trial court fails to comply with its

4

statutory duties relating to the imposition of postrelease control, that portion of the sentence is void. *See, e.g., Fischer* at paragraph one of the syllabus; *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 27-28; *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, ¶ 16 (overruled in part by *Fischer*).

{¶10} In *Fischer,* the court traced the "roots" of its postrelease-control decisions on voidness to two older cases, *Colegrove v. Burns*, 175 Ohio St. 437, 195 N.E.2d 811 (1964), and *State v. Beasley*, 14 Ohio St.3d 74, 471 N.E.2d 774 (1984). *See Fischer* at ¶ 9-10 and 22-23. *Beasley* was a case where the trial court had disregarded a mandatory two-to-15-year prison term and had imposed only a fine. The trial court's sentence was void, said the Supreme Court, because it was "an attempt to disregard statutory requirements when imposing a sentence." *Beasley* at 75. *Colegrove* was a case where the trial court had imposed a 60-day sentence for a probation violation without any statutory authority to do so. In finding the unauthorized sentence to be void, the Supreme Court explained that "a court has no power to substitute a different sentence for that provided by statute." *Colegrove* at 438.

{¶11} The court in *Fischer* noted that "our decision today is limited to a discrete vein of cases: those in which a court does not properly impose a statutorily mandated period of postrelease control." *Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, at ¶ 31. Subsequent to *Fischer*, however, the court has extended the doctrine to two other areas involving mandatory sentencing terms.

{¶12} In *State v. Harris*, 132 Ohio St.3d 318, 2012-Ohio-1908, 972 N.E.2d 509, the court extended the voidness concept to a trial court's failure to include a mandatory driver's license suspension in a sentence. The court explained that,

"[l]ike postrelease control, a driver's license suspension is required by law to be part of an offender's sentence," and if the trial court fails in its duty to impose either postrelease control or a driver's license suspension, the executive branch is unable to impose either sanction after the offender leaves prison. *Id.* at ¶ 14. Thus, concluded the court, "[b]ecause a mandatory driver's license suspension is a statutorily mandated term, we hold that a trial court's failure to include this term in a criminal sentence renders the sentence void in part." *Id.* at ¶ 15.

{¶13} The court next held that the failure to impose a statutorily mandated fine would also render that portion of a sentence void. *State v. Moore*, 135 Ohio St.3d 151, 2012-Ohio-5479, 985 N.E.2d 432. "Because the fine is a statutory punishment, the trial court's failure to impose the fine when an affidavit of indigency is not filed with the court prior to the filing of the trial court's journal entry of sentencing renders that part of the sentence void." *Id.* at ¶ 14.

{¶14} In extending the concept of voidness beyond its traditional parameters, the court has consistently emphasized the limited nature of the exception. Thus in *Fischer*, it described the exception as "narrow." *Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, at ¶ 8. In *Harris*, it termed its jurisprudence in this area as "a narrow exception to the general rule that sentencing errors are not jurisdictional." *Harris* at ¶ 7; *see also Simpkins*, 117 Ohio St.3d 420, 425, 2008-Ohio-1197, 884 N.E.2d 568, at ¶ 14 (characterizing as "narrow" the "vein of cases * * * [where the] court has held that a sentence that does not contain a statutorily mandated term is void").

{¶15} The commonality in the voidness cases is that they all involve situations where the court has failed to impose a sentence term that it was mandated by law to impose (postrelease control, driver's license suspension, statutorily

mandated fine), or where a court has attempted to impose a sentence that was completely unauthorized by statute. They involve instances where a trial court has refused or neglected to do what the General Assembly has commanded with respect to a mandatory criminal sentencing term, *see Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, at ¶ 15 and fn. 1, rather than where the trial court simply got the law wrong. Either something that was required was left out of a sentence, or the trial court simply decided to create its own sentence despite statutory dictates to the contrary.

{¶16} In contrast, the purported error in this case dealt not with a statutorily mandated sentencing term or with the imposition of a sentence that was completely unauthorized by law, but with the application of a general rule prohibiting multiple convictions for certain offenses. Such an error is of a different sort than those errors that the Supreme Court has found to render a sentence void.

{¶17} In reaching our decision today, we also must be mindful of the Supreme Court's repeated description of the exception to the general rule that sentencing errors are nonjurisdictional as a "narrow" one. Quite simply, if this court were to hold that an allied-offenses error renders a sentence void, it would be hard-pressed to identify any intellectually justifiable stopping point. If a sentence imposed in contravention of R.C. 2941.25 is void, the logical implication is that all statutorily-based sentencing errors render a sentence void. A criminal sentence would be subject to review indefinitely. Such a result would seriously undermine principles of res judicata, a doctrine that "promotes the principles of finality and judicial economy by preventing endless relitigation of an issue on which a defendant has already received a full and fair opportunity to be heard." *State v. Saxon*, 109 Ohio St.3d 176, 181, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 18.

{¶18}  This position is consistent with that of the other appellate districts that have addressed the issue.  *See, e.g., State v. Moore*, 7th Dist. Mahoning No. 12 MA 91, 2013-Ohio-1431, ¶ 15 (holding that, because "[t]here is a fundamental difference between a void judgment and one that merely contains an alleged error," an error in merging firearm specifications "would result in error subject to appellate review and remand for correction if necessary, rather than a void judgment which would need to be vacated"); *State v. Porter*, 6th Dist. Lucas No. L-12-1243, 2013-Ohio-1360, ¶ 12, quoting *State v. Guevara*, 6th Dist. Lucas No. L-12-1218, 2013-Ohio-728, ¶ 8 (holding that "the failure to merge allied offenses at sentencing does not render a sentence void"); *State v. Garnett*, 10th Dist. Franklin No. 12AP-594, 2013-Ohio-1210, ¶ 10, quoting *Guevara* at ¶ 8 (holding that "the failure to merge allied offenses at sentencing does not render a sentence void"); *State ex rel. Porterfield v. McKay*, 11th Dist. Trumbull No. 2012-T-0012, 2012-Ohio-5027, ¶ 17 (holding that because "R.C. 2941.25 does not set forth any mandated terms of imprisonment, any violation of its provisions regarding the merger of allied offenses would have only caused [the sentence] to be voidable, not void"); *State v. Johnson*, 9th Dist. Summit No. 26167, 2012-Ohio-4251, ¶ 7 (citing *State v. Abuhilwa*, 9th Dist. Summit No. 25300, 2010-Ohio-5997, ¶ 8, to hold that "the failure to merge allied offenses does not result in a void sentence, which could be corrected notwithstanding [defendant's] failure to raise the issue in his second post-trial motion"); *State v. Miller*, 4th Dist. Lawrence No. 11CA14, 2012-Ohio-1922, ¶ 6 (holding that defendant's "argument that the trial court should have merged his convictions under R.C. 2941.25, if meritorious, would only render the judgment voidable, not void"); *State v. Parson*, 2d Dist. Montgomery No. 24641, 2012-Ohio-730, ¶ 9 (noting, in holding that an allied-offenses error would render sentences "voidable" and not "void," that "Defendant does not claim that his

sentence is not in conformity with statutorily mandated terms, or is not provided for by law, or even that the sentence fails to comply with the formal requirements of 2941.25").[1]

### *The Judgment is Affirmed as Modified*

{¶19}  Therefore, upon our determination that the common pleas court properly denied Mr. Grant the relief sought in his postconviction motion, we overrule the assignment of error.  Because the court had no jurisdiction to entertain Mr. Grant's motion on its merits, the motion was subject to dismissal.  Accordingly, upon the authority of App.R. 12(A)(1)(a), we modify the judgment appealed to reflect the dismissal of the motion.   And we affirm the judgment as modified.

Affirmed as modified.

DINKELACKER, J., concurs in judgment only.
CUNNINGHAM, P.J., concurs in part and dissents in part.

CUNNINGHAM, P.J., concurring in part and dissenting in part.

{¶20}  I concur in the majority's holding that the postconviction statutes did not confer upon the common pleas court jurisdiction to entertain Grant's motion. But I respectfully dissent from its determination that the court lacked any jurisdiction to entertain his allied-offenses claim.

{¶21} In his opinion, Judge DeWine acknowledges that a court has jurisdiction to correct a void sentence, but concludes that a sentence imposed in violation of R.C. 2941.25 is not void.  That conclusion is based on a perceived distinction between a sentence imposed in violation of R.C. 2941.25 and those

---

[1] It is also worth noting that the Ohio Supreme Court has consistently held that allied-offenses errors are nonjurisdictional and are not cognizable in habeas corpus or other extraordinary writs. *See, e.g., State ex rel. Agosto v. Gallagher*, 131 Ohio St.3d 176, 2012-Ohio-563, 962 N.E.2d 796; *State ex rel. Hudson v. Sutula*, 131 Ohio St.3d 177, 2012-Ohio-554, 962 N.E.2d 798; *Smith v. Voorhies*, 119 Ohio St.3d 345, 2008-Ohio-4479, 894 N.E.2d 44, ¶ 10.

sentences that the Ohio Supreme Court has held to be void. "The commonality in the voidness cases" that my colleague insists distinguishes the voidness cases from this case "is that [the voidness cases] all involve situations where the court has failed to impose a sentence term that it was mandated by law to impose (postrelease control, driver's license suspension, statutorily mandated fine), or where a court has attempted to impose a sentence that was completely unauthorized by statute," while "the purported error in this case dealt * * * with the application of a general rule prohibiting multiple convictions for certain offenses."

{¶22} To me, what the voidness cases have in common is that they are all grounded in the long-recognized "vital principle," announced in 1964 in *Colgrove v. Burns*, 175 Ohio St. 437, 438, 195 N.E.2d 811 (1964), and "reaffirm[ed]" in 2010 in *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 23, that "[n]o court has the authority to impose a sentence that is contrary to law." *Id.*, citing *Colgrove* at 438; *accord State v. Moore*, 135 Ohio St.3d 151, 2012-Ohio-5479, 985 N.E.2d 432, ¶ 14; *State v. Harris*, 132 Ohio St.3d 318, 2012-Ohio-1908, 972 N.E.2d 509, ¶ 7 and 15 (citing *Colgrove* and *State v. Beasley*, 14 Ohio St.3d 74, 75, 471 N.E.2d 774 [1984]). This principle led the Ohio Supreme Court to carve out "a narrow, and imperative, exception to th[e] general rule" that "sentencing errors are not jurisdictional and do not render a judgment void." *Fischer* at ¶ 7-8.

{¶23} But the exception is broader than Judge DeWine would have it. It applies not only "where the court has failed to impose a *sentence term* that it was *mandated by law* to impose." It also applies when a court has imposed "a sentence that is not in accordance with *statutorily mandated terms*." (Emphasis added.) *Id.*, citing *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 14; *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961; *State v. Jordan*,

104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864; *Woods v. Telb*, 89 Ohio St.3d 504, 2000-Ohio-171, 733 N.E.2d 1103 (2000); *State v. Beasley*, 14 Ohio St.3d 74, 75, 471 N.E.2d 774 (1984); *Colegrove v. Burns*, 175 Ohio St. 437, 195 N.E.2d 811 (1964). By its terms, the allied-offenses statute mandates a sentence on only one of multiple offenses if the offenses are allied offenses of similar import committed neither separately nor with a separate animus as to each. It follows that sentences that are not in accordance with those statutorily mandated terms are void.

{¶24} Moreover, as my colleague acknowledges, the exception also applies "where a court has attempted to impose a sentence that was completely unauthorized by statute." A court must be said to be acting outside the authority conferred by the allied-offenses statute when it imposes separate sentences for multiple offenses despite a clear demonstration on the record that the state had relied upon the same conduct to prove the offenses, and that the offenses had been committed neither separately nor with a separate animus as to each. *State v. Johnson*, 195 Ohio App.3d 59, 2011-Ohio-3143, 958 N.E.2d 977, ¶ 78 (1st Dist.), citing *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, ¶ 49 and 51.

{¶25} For these reasons, along with the reasons set forth in my concurring and dissenting opinion in *State v. Lee*, 1st Dist. Hamilton No. C-120307, 2013-Ohio-1811, ¶ 21-30, I would hold that the common pleas court had jurisdiction to entertain Grant's allied-offenses claim, because a sentence imposed in contravention of R.C. 2941.25 is void and thus subject to review at any time.

{¶26} I would also go on to hold that R.C. 2941.25 did not preclude the trial court from imposing separate sentences for the aggravated robbery pertaining to Frazier and the aggravated robbery pertaining to Franklin, when the record shows that each offense involved a different victim.

{¶27} But Grant was convicted of involuntary manslaughter, aggravated burglary, and kidnapping for the death of a single victim, Antwaun Gilliam. The record shows that the state relied upon the same conduct to prove involuntary manslaughter and aggravated burglary, and that the offenses had been committed neither separately nor with a separate animus as to each. But the record may also be said to permit a conclusion that Gilliam's kidnapping had been committed separately from the other two offenses. Therefore, I would hold that a sentence may be imposed for either involuntary manslaughter or aggravated burglary, and I would remand for resentencing on those offenses consistent with R.C. 2941.25 and for a determination of whether Grant could, consistent with R.C. 2941.25, also be sentenced for Gilliam's kidnapping.

{¶28} Finally, based on the conflict noted in *Lee*, I would, upon the authority conferred by the Ohio Constitution, Article IV, Section 3(B)(4), certify to the Ohio Supreme Court the following question: "Are sentences imposed in violation of R.C. 2941.25 void and thus subject to review at any time?" *See Lee* at ¶ 31.


Please note:

The court has recorded its entry on the date of the release of this opinion.