[Cite as *State ex rel. Smith v. Krueger*, 2018-Ohio-659.]

ECOURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | JUDGES: |
|---|---|---|
| STATE EX REL. ERIC L. SMITH | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. Patricia A. Delaney, J. |
| Relator | : | Hon. Craig R. Baldwin, J. |
| | : | |
| -vs- | : | |
| | : | Case No. 17CAD110073 |
| JUDGE EVERETT H. KRUEGER | : | |
| JUDGE DAVID M. GORMLEY | : | |
| | : | O P I N I O N |
| Respondents | | |


CHARACTER OF PROCEEDING:      Writs of Procedendo, Mandamus and
                              Prohibition


JUDGMENT:                     Dismissed


DATE OF JUDGMENT ENTRY:       February 21, 2018


APPEARANCES:

For Relator                            For Respondents

ERIC L. SMITH                          CAROL HAMILTON O'BRIEN
#A718-949                              CHRISTOPHER D. BETTS
North Central Correctional Complex     ROBERT J. YAPTANGO
Box 1812                               Delaware Prosecutor's Office
Marion, OH  43301                      Delaware, OH 43015

*Gwin, P.J.*

{¶1} Relator, Eric Smith, has filed an original action in this Court requesting we issue a writ of prohibition, mandamus, and/or procedendo requiring Respondent to issue a final, appealable order. Respondent has filed a motion to dismiss for failure to state a claim upon which relief may be granted.

## PROCEDURAL HISTORY

{¶2} Relator was charged with and convicted of multiple felonies including aggravated burglary, kidnapping, aggravated robbery, felonious assault, and having weapons under disability. Most of these charges contained firearm specifications, repeat violent offender specifications, and forfeiture specifications.

{¶3} Smith was sentenced for these convictions by way of a sentencing entry dated September 16, 2015. He appealed the convictions and sentence to this Court. We affirmed his convictions and sentence in *State v. Smith*, 5th Dist. No. 15CAA 0077, 2016-Ohio-7566, 76 N.E.3d 551, *appeal not allowed,* 150 Ohio St.3d 1408, 2017-Ohio-6964, 78 N.E.3d 908.

{¶4} Relator filed an application to reopen his appeal with this Court raising some of the same issues as are raised in the instant petition. We denied the application to reopen as untimely. The Supreme Court refused to hear Relator's appeal.

{¶5} Relator raises two issues in his petition. First, he argues Respondent has failed to issue a final, appealable order because Respondent did not "dispose of" all of the repeat violent offender specifications and forfeiture specifications. He also maintains Respondent did not issue a final, appealable order because Respondent's sentencing order was inconsistent with the jury's verdict. He specifically claims the jury's verdict

rendered a forfeiture in favor of the State of Ohio whereas the sentencing entry states the forfeiture is in favor of the City of Powell.

## PROHIBITION, MANDAMUS, AND PROCEDENDO

{¶6}   "[N]either mandamus, nor procedendo, nor prohibition will issue if the party seeking extraordinary relief has an adequate remedy in the ordinary course of law." *State ex rel. Jelinek v. Schneider*, 127 Ohio St.3d 332, 2010-Ohio-5986, 939 N.E.2d 847, ¶ 13.

{¶7}   "[S]entencing errors are generally not remediable by extraordinary writ, because the defendant usually has an adequate remedy at law available by way of direct appeal. *See State ex rel. Hudson v. Sutula,* 131 Ohio St.3d 177, 2012-Ohio-554, 962 N.E.2d 798, ¶ 1, citing *Manns v. Gansheimer,* 117 Ohio St.3d 251, 2008-Ohio-851, 883 N.E.2d 431, ¶ 6." *State ex rel. Ridenour v. O'Connell*, 147 Ohio St.3d 351, 2016-Ohio-7368, 65 N.E.3d 742, ¶ 3.

## REPEAT VIOLENT OFFENDER SPECIFICATION

{¶8}   Relator raised two claims he has not received a final, appealable order.

{¶9}   First, he argues the trial court did not adequately address the repeat violent offender specifications.  However, the sentencing entry does address the repeat violent offender specifications.

{¶10}   "[A] judgment of conviction is a final order subject to appeal under R.C. 2505.02 when the judgment entry sets forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk." *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, ¶ 14.

**{¶11}** The entry at issue does contain the conviction, sentence, judge's signature, and time stamp making it a final, appealable order. Any alleged error in sentencing could be addressed by way of appeal.

**{¶12}** Second, Relator argues the repeat violent offender specifications should have been dismissed or a finding of not guilty should have been entered as to each specification.

**{¶13}** The entry from the trial court does address every specification. Assuming arguendo the trial court's entry is insufficient to resolve the specifications, any deficiency would be a sentencing error which can be challenged on appeal.

**{¶14}** "[T]he failure to address and sentence with regard to any specifications does not render a sentencing entry a non-final, non-appealable order. The failure of a trial court to address a specification constitutes a sentencing error that must be addressed upon appeal. *State ex rel. Jones v. Ansted,* 131 Ohio St.3d 125, 2012–Ohio–109, 961 N.E.2d 192; *State ex rel. Cunningham v. Lindeman,* 126 Ohio St.3d 481, 2010–Ohio–4388, 935 N.E.2d 393." *State ex rel. Carter v. Saffold*, 8th Dist. Cuyahoga No. 100322, 2013-Ohio-5596, ¶ 5, *cause dismissed,* 138 Ohio St.3d 1442, 2014-Ohio-1030, 5 N.E.3d 661, ¶ 5.

## FORFEITURE SPECIFICATION

**{¶15}** Relator's contention that he is entitled to a writ due to the alleged forfeiture specification sentencing errors is also without merit. "Sentencing errors by a court that had proper jurisdiction cannot be remedied by extraordinary writ." *State ex rel. Jaffal v. Calabrese*, 105 Ohio St.3d 440, 2005-Ohio-2591, 828 N.E.2d 107, ¶ 5. As we have already indicated, the order was a final, appealable order even if we were to find

Respondent did not address the forfeiture specification as to all counts. Further, any discrepancy between the jury's verdict and the sentencing entry could be challenged on appeal. Relator has or had an adequate remedy at law to challenge the sentence by way of appeal.

{¶16} For these reasons, we find Relator has failed to state a claim upon which relief may be granted. The petition is dismissed.

By Gwin, P.J.,

Delaney, J., and

Baldwin, J., concur