[Cite as *State v. Nix*, 2018-Ohio-2898.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


STATE OF OHIO,                    :          APPEAL NOS. C-170040
                                                        C-170044
    Plaintiff-Appellee,        :          TRIAL NO. B-0203877

  vs.                                :

DAMIEN T. NIX,                    :          *O P I N I O N.*

    Defendant-Appellant.      :


Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed in Part, Reversed in Part, and Cause
                                Remanded in C-170040; Appeal Dismissed in
                                C-170044

Date of Judgment Entry on Appeal:  July 25, 2018


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Damien T. Nix,* pro se.

Per Curiam.

{¶1}   Defendant-appellant Damien T. Nix appeals the Hamilton County Common Pleas Court's judgment overruling his "Motion to Correct Illegal/Void Sentence and * * * Judgment Entry of Sentence/Incarceration." We dismiss the case numbered C-170044 as duplicative of the case numbered C-170040. In the case numbered C-170040, we affirm in part and reverse in part the court's judgment overruling the motion, and we remand for correction of a clerical error in the judgment of conviction.

{¶2}   Nix was convicted in 2003 of murder and two counts of felonious assault. He unsuccessfully challenged his convictions on direct appeal. *State v. Nix*, 1st Dist. Hamilton No. C-030696, 2004-Ohio-5502, *delayed appeal denied*, 105 Ohio St.3d 1496, 2005-Ohio-1666, 825 N.E.2d 621.

{¶3}   In 2016, Nix filed with the common pleas court his "Motion to Correct Illegal/Void Sentence and * * * Judgment Entry of Sentence/Incarceration." He sought in that motion resentencing on the firearm specifications accompanying his felonious-assault offenses, arguing that former R.C. 2929.14(D)(1)(b) (now R.C. 2929.14(B)(1)(b)) precluded the trial court from imposing a prison term for each specification, because the felonious assaults had been committed as part of the same transaction. And he sought correction of his judgment of conviction to reflect that he had been convicted following a jury trial, and not, as the entry indicated, upon guilty pleas.

{¶4}   In this appeal, Nix advances two assignments of error that, read together, challenge the overruling of his motion. The challenge is well taken in part.

2

### *Authority to Grant Relief Sought*

{¶5}   Nix did not specify in his motion a statute or rule under which the relief sought may be afforded.  Thus, it fell to the common pleas court to "recast" the motion "into whatever category necessary to identify and establish the criteria by which the motion should be judged."  *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, ¶ 12 and syllabus.

{¶6}   ***No jurisdiction to resentence on firearm specifications.*** R.C. 2953.21 et seq., governing the proceedings upon a petition for postconviction relief, permit relief from a conviction upon proof of a constitutional violation during the proceedings leading to that conviction.  *See* R.C. 2953.21(A)(1); *State v. Powell*, 90 Ohio App.3d 260, 264, 629 N.E.2d 13 (1st Dist.1993).  Nix's claim in his motion that former R.C. 2929.14(D)(1)(b) precluded sentencing him for both felonious-assault specifications alleged a statutory, rather than a constitutional, violation.  *See In re D.L.*, 1st Dist. Hamilton Nos. C-170152, C-170153 and C-170154, 2018-Ohio-2161, ¶ 13 (holding that the constitutional protections against double jeopardy are not implicated by sentencing on multiple firearm specifications, because specifications are penalty enhancements, not offenses).  Therefore, the claim was not reviewable by the common pleas court under the standards provided by the postconviction statutes.

{¶7}   The claim was also not reviewable under either Crim.R. 32.1 or Crim.R. 33.  Nix had been convicted not upon guilty pleas, but upon guilty verdicts returned by a jury.  And he did not seek relief based on that claim in the form of a new trial.

{¶8} Nor was the claim reviewable by the common pleas court under the standards provided under R.C. Chapter 2731 for a petition for a writ of mandamus, under R.C. Chapter 2725 for a petition for a writ of habeas corpus, or under R.C. Chapter 2721 for a declaratory-judgment action. Nix's motion did not satisfy those statutes' procedural requirements. *See* R.C. 2731.04, 2721.12(A) and 2725.04.

{¶9} Nor could relief have been afforded on that claim under Civ.R. 60(B). Civ.R. 60(B) governs the proceedings upon a motion seeking relief from a judgment entered in a civil action, and Crim.R. 57(B) permits a court in a criminal matter to "look to the rules of civil procedure * * * if no rule of criminal procedure exists." But Nix's firearm-specification sentences were reviewable in his direct appeal, under the procedures provided for a direct appeal from a criminal conviction.

{¶10} Finally, a court always has jurisdiction to correct a void judgment. *See State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 18-19. But the alleged error in sentencing Nix on both firearm specifications, even if demonstrated, would not have rendered those sentences void. *See State v. Wurzelbacher*, 1st Dist. Hamilton No. C-130011, 2013-Ohio-4009, ¶ 8; *State v. Grant*, 1st Dist. Hamilton No. C-120695, 2013-Ohio-3421, ¶ 9-16 (holding that a judgment of conviction is void only to the extent that a sentence is unauthorized by statute or does not include a statutorily mandated term or if the trial court lacks subject-matter jurisdiction or the authority to act).

{¶11} We, therefore, conclude that the common pleas court had no jurisdiction to entertain Nix's challenge in his postconviction motion to his firearm-specification sentences. Accordingly, we hold that the court did not err in declining to grant him relief on that ground.

{¶12} *Authority to correct clerical error.* But the misstatement in Nix's judgment of conviction, that he had been convicted after pleading guilty, constituted a clerical error subject to correction at any time under Crim.R. 36. *See State v. Evans*, 1st Dist. Hamilton No. C-140504, 2015-Ohio-3208, ¶ 12. Therefore, the common pleas court erred in declining to grant Nix relief in the form of a nunc pro tunc entry correcting the judgment of conviction to indicate that he had been convicted following a jury trial.

### *Reversed in Part and Remanded to Correct Judgment of Conviction*

{¶13} We hold that the common pleas court properly declined, because it had no jurisdiction, to resentence Nix based on his claim in his "Motion to Correct Illegal/Void Sentence and * * * Judgment Entry of Sentence/Incarceration" that former R.C. 2929.14(D)(1)(b) precluded sentencing him for both felonious-assault specifications. We, therefore, affirm in part the court's judgment overruling the motion.

{¶14} But the common pleas court should have exercised its authority under Crim.R. 36 to correct Nix's judgment of conviction with a nunc pro tunc entry indicating that he had been convicted following a jury trial. Accordingly, we reverse that part of the court's judgment overruling Nix's motion, and we remand for correction of the judgment of conviction in accordance with the law and this opinion.

Judgment affirmed in part and reversed in part, and cause remanded.

MOCK, P.J., ZAYAS and DETERS, JJ.

Please note:

The court has recorded its own entry on the date of the release of this opinion.