OPINION
{¶ 1} Petitioner-Appellant John E. Wells, Sr. appeals from the March 21, 2006, judgment of the Richland County Court of Common Pleas in which the trial court dismissed appellant's petition for a writ of habeas corpus. Respondent-Appellee is the Warden of the Mansfield Correctional Institution.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On October 10, 1997, defendant-appellant John E. Wells, Sr. was indicted in Jefferson County on five counts of rape of a child under the age of thirteen in violation of R.C.2907.02(A)(1)(b); two of the counts also contained an allegation that appellant used force or threat of force to accomplish the rape. Appellant was convicted on all counts following a one day jury trial on December 16, 1997. On December 24, 1997, he was sentenced to two life sentences and three ten-year terms of imprisonment, all to be served consecutively.
 {¶ 3} Appellant filed a timely appeal with the Seventh District Court of Appeals in State v. Wells (Mar. 22, 2000), 7th Dist. No. 98-JE-3, 2000 WL 309401, wherein he raised eleven assignments of error. The court thoroughly analyzed each and every one of the appellant's assignments of error, found each one to be without merit, and affirmed the decision of the trial court. Id. The appellant appealed to the Ohio Supreme Court. The Court dismissed his appeal, found no substantial constitutional question, and found further that discretionary appeals, if applicable, were not allowed. See, State v. Wells (2000),89 Ohio St.3d 1465. In addition, appellant filed a motion for post-conviction relief, the denial of which was also affirmed atState v. Wells (June 21, 2000), 7th Dist. No. 98-JE-2,2000 WL 818906 dismissed, appeal not allowed, at State v. Wells
(2000), 90 Ohio St.3d 1448.
 {¶ 4} On October 14, 2005, appellant filed a petition for a writ of habeas corpus with the Richland County Court of Common Pleas in which he attacked his convictions claiming, essentially, that the evidence was insufficient to support the convictions. Specifically, he appeared to claim that the state failed to prove venue, that the state failed to prove force, that the state failed to prove purpose to compel regarding the force element, and that the state failed to prove the identity of the victims. See, appellant's petition for writ of habeas corpus at page 3. On November 5, 2005, respondent-appellee filed a motion to dismiss appellant's petition.
 {¶ 5} On March 6, 2006, appellant filed a notice of new authority, and motion to grant writ forthwith, to which the appellee responded on March 15, 2006. The trial court issued a judgment entry on March 21, 2006, in which it dismissed the appellant's petition for failure to state a claim upon which relief may be granted. Appellant filed a notice of appeal on April 17, 2006, raising the following assignments of error:
 {¶ 6} "I: THE COURT BELOW ERRED TO THE PREJUDICE OF THE RELATOR'S SUBSTANTIAL RIGHTS BY CONVERTING THE CLAIMS PRESENTED FROM COGNIZABLE JURISDICTIONAL CLAIMS, TO NON-COGNIZABLE CLAIMS OF SUFFICIENCY OF THE EVIDENCE; BY FAILING TO RENDER JUDGMENT ON THE MERITS OF THE RELATOR'S JURISDICTIONAL CLAIMS; AND BY GRANTING THE RESPONDENT'S MOTION TO DISMISS, OVERRULING RELATOR'S JURISDICTIONAL CLAIMS ON IMPROPER LEGAL STANDARDS RELEVANT TO NON-JURISDICTIONAL CLAIMS.
 {¶ 7} "II: THE COURT BELOW ERRED TO THE PREJUDICE OF THE RELATOR'S SUBSTANTIAL RIGHTS BY GRANTING THE RESPONDENT'S MOTION TO DISMISS, AND FAILING TO ISSUE A WRIT OF HABEAS CORPUS WHERE THE CLAIMS PRESENTED IN THE PETITION STATE A FACIALLY VALID CLAIM THAT THE CRIMINAL TRIAL/SENTENCING COURT PATENTLY AND UNAMBIGUOUSLY LACKED JURISDICTION TO RENDER JUDGMENT OF CONVICTION, IMPOSE SENTENCE, AND ORDER THE RELATOR'S LIBERTY RESTRAINED; WHERE THE RECORDS OF THE CRIMINAL TRIAL/SENTENCING COURT PROVIDE PRIMA FACIE PROOF OF SAID COURT'S LACK OF SUCH JURISDICTION; AND WHERE THE RELATOR'S CLAIMS, IF PROVED, WOULD ENTITLED [SIC] THE RELATOR TO IMMEDIATE RELEASE AS A MATTER OF LAW.
 {¶ 8} "III: THE COURT BELOW ERRED AS A MATTER OF LAW AND TO THE PREJUDICE OF THE RELATOR'S SUBSTANTIAL RIGHTS BY CONSIDERING THE RESPONDENT'S UNAUTHORIZED MOTION TO DISMISS, AND BY DELAYING JUDGMENT ON THE PETITION, WHEN, PURSUANT TO THE SPECIAL STATUTORY PROCEDURES OF OHIO REVISED CODE SECTION 2725.06, WHICH ARE NOT SUBJECT TO THE RULES OF CIVIL PROCEDURE, THE COURT BELOW WAS REQUIRED TO DETERMINE WHETHER THE WRIT SHOULD ISSUE SOLELY ON BASIS OF THE SUBSTANCE OF THE PETITION, AND THE COURT BELOW WAS REQUIRED TO RENDER ITS JUDGMENT `FORTHWITH'."
 {¶ 9} This case comes to us on the accelerated calendar. App. R. 11.1, which governs accelerated calendar cases, provides, in pertinent part: "(E) Determination and judgment on appeal. The appeal will be determined as provided by App. R. 11. 1. It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form."
 {¶ 10} This appeal shall be considered in accordance with the aforementioned rule.
 I, II, III {¶ 11} In his first assignment of error the appellant contends that the trial court erroneously converted his jurisdictional claims to claims regarding sufficiency of the evidence. In his second assignment of error the appellant contends that the trial court erroneously granted the respondent's motion to dismiss. In his third assignment of error the appellant contends that the trial court erroneously considered the respondent's motion to dismiss.
 {¶ 12} The general rule is that habeas corpus relief is not available where there is an adequate remedy at law. State exrel. Fryerson v. Tate (1999), 84 Ohio St.3d 481, 485,705 N.E.2d 353. When an adequate remedy in the ordinary course of law exists, habeas corpus may not be used as a substitute for appeal or post-conviction relief. If an issue raised in a petition for a writ of habeas corpus could have been raised on direct appeal or in a petition for post-conviction relief, the petition for a writ of habeas corpus will be denied. See generally, Heddleston v.Mack, 84 Ohio St.3d 213, 1998-Ohio-320, 702 N.E.2d 1198.
 {¶ 13} In the case sub judice, not only could the appellant have availed himself of the remedies of direct appeal and post-conviction relief, he did, in fact, avail himself of said remedies. As appellant had available to him, and utilized, adequate remedies at law, habeas corpus relief was and is not available to him, and the trial court correctly dismissed his petition.
 {¶ 14} Appellant argues further that he is entitled to relief pursuant to the law as set forth in State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. Appellant's Foster
argument, however, is also flawed.
 {¶ 15} In Foster, the Ohio Supreme Court reviewed Ohio's sentencing laws in light of Blakely v. Washington (2004),542 U.S. 296, 124 S.Ct. 2538, Apprendi v. New Jersey (2000),530 U.S. 466, 120 S.Ct. 2348, and Ring v. Arizona (2002),536 U.S. 584, 122 S.Ct. 2428. The Foster Court held that sentences based upon unconstitutional statutes are void, and that the appropriate disposition is to vacate the sentence and remand the matter to the trial court for a new sentencing hearing. Id. at ¶ 103.
 {¶ 16} However, the Foster Court limited its holding to only those cases pending on direct review. Id. at ¶ 104. Such is not the case herein, where the appellant's conviction and sentencing occurred in 1997, and were confirmed on appeal in 2000.
 {¶ 17} Appellant's assignments of error are overruled.
 {¶ 18} The judgment of the Richland County Court of Common Pleas is affirmed.
By: Edwards, J. John W. Wise, P.J. and W. Scott Gwin, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Richland County Court of Common Pleas is hereby Affirmed. Costs assessed to appellant.