WELLS, APPELLANT, *v.* HUDSON, WARDEN, APPELLEE.

[Cite as *Wells v. Hudson*, 113 Ohio St.3d 308, 2007-Ohio-1955.]

(No. 2006–2279—Submitted April 4, 2007—Decided May 9, 2007.)

**Per Curiam.**

{¶ 1} This is an appeal from a judgment dismissing a petition for a writ of habeas corpus. We affirm.

{¶ 2} In December 1997, following a trial, a jury convicted appellant, John E. Wells Sr., of five counts of rape of children under the age of 13, with additional findings that two of the counts were committed with force or threat of force. The Jefferson County Court of Common Pleas sentenced Wells to two life sentences and three ten-year terms of imprisonment, all to be served consecutively. On appeal, the court of appeals affirmed. *State v. Wells* (Mar. 22, 2000), Jefferson App. No. 98–JE–3, 2000 WL 309401. In that case, the court of appeals held that Wells had waived any alleged deficiency in the verdict forms because he had failed to object to the forms at trial. Id. at *7.

{¶ 3} Wells's subsequent habeas corpus petitions were unsuccessful. See *Wells v. Bagley* (2001), 93 Ohio St.3d 1495, 758 N.E.2d 1147; *State ex rel. Wells v. Costine*, 99 Ohio St.3d 1450, 2003-Ohio-3396, 790 N.E.2d 1216; *Wells v. Bradshaw*, Richland App. No. 06CA35, 2006-Ohio-4636, 2006 WL 2578358.

{¶ 4} In September 2006, Wells filed another habeas corpus petition, this time in the Court of Appeals for Richland County. In his petition, Wells claimed entitlement to the writ because the jury's verdicts did not contain findings of all

the essential elements of the crimes. The court of appeals sua sponte dismissed the petition.

{¶ 5} In his appeal as of right, Wells asserts that the court of appeals erred in sua sponte dismissing his petition. Wells's contentions lack merit.

{¶ 6} Res judicata barred Wells from filing a successive habeas corpus petition. *State ex rel. Tarr v. Williams*, 112 Ohio St.3d 51, 2006-Ohio-6368, 857 N.E.2d 1225, ¶ 4. Wells either raised or could have raised his claim in his previous petitions.

{¶ 7} Moreover, Wells had previously raised the issue of the propriety of the verdicts in his direct appeal. Wells may not use habeas corpus to obtain successive appellate reviews of the same issue. *State ex rel. Rash v. Jackson*, 102 Ohio St.3d 145, 2004-Ohio-2053, 807 N.E.2d 344, ¶ 12.

{¶ 8} In addition, Wells's claim that his jury verdict forms did not list all the essential elements of his criminal offenses is not cognizable in habeas corpus. See, e.g., *Miller v. Mitchell* (Aug. 29, 1997), Trumbull App. No. 97–T–0053, 1997 WL 531303.

{¶ 9} Finally, because Wells's petition failed to state a facially valid habeas corpus claim, the court was entitled to dismiss it without prior notice under the basic, summary procedure provided in R.C. Chapter 2725. See generally *Chari v. Vore* (2001), 91 Ohio St.3d 323, 327, 744 N.E.2d 763.

{¶ 10} Based on the foregoing, we affirm the judgment of the court of appeals.

Judgment affirmed.

MOYER, C.J., PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER and CUPP, JJ., concur.

---

John E. Wells Sr., pro se.

Marc Dann, Attorney General, and Diane Mallory, Assistant Attorney General, for appellee.