[Cite as *Gray v. Bowen*, 2019-Ohio-501.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

EX REL. RICARDO GRAY,

Petitioner,

v.

WARDEN RICHARD A. BOWEN JR.,

Respondent.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 18 MA 0044

---

Writ of Habeas Corpus

**BEFORE:**
Cheryl L. Waite, Gene Donofrio, Kathleen Bartlett, Judges.

---

**JUDGMENT:**
Dismissed.

---

*Ricardo Gray, Pro se*, #368-431, Ohio State Penitentiary, 878 Coitsville-Hubbard Road, Youngstown, Ohio 44505

*Atty. Dave Yost*, Attorney General of Ohio and
*Atty. Stephanie L. Watson*, Principal Assistant Attorney General, 150 East Gay Street, 16th Floor, Columbus, Ohio 43215-6001, for Respondent.

Dated: February 1, 2019

**PER CURIAM.**

{¶1} Petitioner Ricardo Gray, proceeding on his own behalf, has filed a complaint for a writ of habeas corpus claiming his conviction for murder and felonious assault with attendant firearm specifications was obtained by fraud; specifically, that the two key witnesses who testified at his jury trial have now recanted and identified someone other than him as the perpetrator. The complaint names as Respondent Warden Richard A. Bowen Jr, Warden of the Ohio State Penitentiary in Youngstown, Ohio, where Petitioner is presently incarcerated. The Ohio Attorney General's office, representing Respondent, has filed a motion to dismiss the petition.

{¶2} The salient facts leading to Petitioner's conviction and sentence are set forth in *State v. Gray*, 8th Dist. No. 76170, 2000 WL 1036229 (July 27, 2000). Through the filing of numerous motions for new trial and/or petitions for postconviction relief, Petitioner has raised the issue of recanted testimony by two of the state's witnesses in the Cuyahoga County Common Pleas Court. That court denied Petitioner's initial motion/petition on substantive grounds and denied Petitioner's successive motions/petitions thereafter on the grounds of *res judicata*. The Eighth District Court of Appeals affirmed those decisions and the Ohio Supreme Court declined review. *See State v. Gray*, 90 Ohio St.3d 1469, 738 N.E.2d 381 (2000); *State v. Gray*, 8th Dist. No. 76170, 2001 WL 1134870 (Sept. 17, 2001); *State v. Gray*, 8th Dist. No. 76170, 2002-Ohio-1093; *State v. Gray*, 8th Dist. No. 81474, 2003-Ohio-436; *State v. Gray*, 8th Dist. No. 82841, 2003-Ohio-6643, appeal not accepted for review, 102 Ohio St.3d 1460, 2004-Ohio-2569; 809 N.E.2d 33; *State v. Gray*, 8th Dist. No. 83926, 2004-Ohio-5861; and *State v. Gray*, 8th Dist. No. 84677, 2004-Ohio-7030.

{¶3} Likewise, a federal court has upheld the state courts' determination of *res judicata* and added that Petitioner has not sufficiently demonstrated actual innocence. *Gray v. Hudson*, N.D.Ohio No. 1:06CV1308, 2008 WL 1995362 (May 5, 2008).

{¶4} Petitioner now presents the same purported evidence in support of a writ of habeas corpus before this Court. He attached to his complaint a sworn affidavit from each person, in which they allege their original trial testimony was untrue.

{¶5} Habeas corpus is available only in extraordinary circumstances where there is no adequate alternative legal remedy. *Kemp v. Ishee*, 7th Dist. No. 03-MA-182, 2004-Ohio-390, ¶ 4, citing *State ex rel. Jackson v. McFaul*, 72 Ohio St.3d 185, 186, 652 N.E.2d 746 (1995). Habeas is not meant for a retrial of the accused's guilt or innocence. *Walker v. Maxwell*, 1 Ohio St.2d 136, 137, 205 N.E.2d 394 (1965). Habeas corpus is not available when the issue could have been raised on direct appeal. *Ishee*, 7th Dist. No. 03-MA-182 at ¶ 4, citing *Luna v. Russell*, 70 Ohio St.3d 561, 639 N.E.2d 1168 (1994). Further, "[w]here a Petitioner possessed the adequate legal remedies of appeal and post-conviction to challenge his sentencing, a petition for habeas corpus may properly be dismissed." *Womack v. Warden of Belmont Correctional Inst.*, 7th Dist. No. 04 BE 58, 2005-Ohio-1344, ¶ 5, citing *State ex rel. Massie v. Rogers*, 77 Ohio St.3d 449, 450, 674 N.E.2d 1383 (1997).

{¶6} In turn, a Petitioner "may not use habeas corpus to obtain successive appellate reviews of the same issue." *Wells v. Hudson*, 113 Ohio St.3d 308, 2007-Ohio-1955, 865 N.E.2d 46, ¶ 7, citing *State ex rel. Rash v. Jackson*, 102 Ohio St.3d 145, 2004-Ohio-2053, 807 N.E.2d 344.

**{¶7}** As the Eighth District observed when it denied Petitioner's attempt to reassert his claims in a petition for a writ of prohibition on *res judicata* grounds, "[b]ecause this court has already addressed the claims of perjured testimony and failure to provide information about another suspect, the doctrine of res judicata bars any further consideration, and Gray's complaint for a writ of prohibition must fail." *State ex rel. Gray v. McDonnell*, 8th Dist. No. 106455, 2018-Ohio-692, ¶ 6.

**{¶8}** In this instance, although employing an alternative form of legal relief, Petitioner's claims remain the same. The substantive merits of his claims have already been ruled upon by a trial court with appropriate subject matter jurisdiction. That decision was reviewed and affirmed by the court of appeals where Petitioner had an appeal as of right, and the Ohio Supreme Court, which exercises discretionary review, has declined to accept Petitioner's appeal. These same claims, now brought in a petition for a writ of habeas corpus with this Court, are clearly barred under the doctrine of *res judicata*. The record clearly reflects that Petitioner has yet to serve all of his sentence.

**{¶9}** Accordingly, the Court grants Respondent's motion to dismiss. Petition dismissed. Final order. Costs taxed against Petitioner. Clerk to serve notice as provided by the Civil Rules.

**JUDGE CHERYL L. WAITE**

**JUDGE GENE DONOFRIO**

**JUDGE KATHLEEN BARTLETT**

Case No. 18 MA 0044