[Cite as *Singfield v. Larose*, 2019-Ohio-1679.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

PHILLIP SINGFIELD,

Petitioner-Appellant,

v.

CHRISTOPHER LAROSE, WARDEN,

Respondent-Appellee.

**OPINION AND JUDGMENT ENTRY**
**Case No. 18 MA 0047**

Civil Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 2018 CV 286

**BEFORE:**
David A. D'Apolito, Gene Donofrio, Cheryl L. Waite, Judges.

**JUDGMENT:**
Affirmed

*Atty. Matthew Williams*, Attorney at Law, Valore & Gordillo LLP, 21055 Lorain Road, Fairview Park, Ohio 44126, for Petitioner-Appellant and

*Atty. Stephanie Watson,* Principal Asst. Attorney General, Corrections Litigation Section, 150 East Gay Street, 16th Floor, Columbus, Ohio 43215, for Respondent-Appellee.

Dated: April 29, 2019

_____

**D'APOLITO, J.**

{¶1}    Appellant Phillip Singfield appeals the dismissal with prejudice of his *pro se* petition for writ of habeas corpus, filed pursuant to Chapter 2725 of the Ohio Revised Code, by the Mahoning County Court of Common Pleas.  The sentencing entry at issue plainly states that Appellant's sentences for firearms specifications were imposed to run concurrently with each other, but consecutively to his sentences for two counts of aggravated robbery and one count of having a weapon under a disability.  Based on the absence of similar language relating to his three substantive sentences, and the presumption favoring concurrent sentences codified in R.C. 2929.41(A), Appellant asserts that his substantive sentences were imposed to run concurrently with one another.  He further asserts that he has completed his sentence and is being unlawfully restrained.

{¶2}    Appellee Christopher LaRose, Warden of the Northeast Ohio Correctional Center, filed a motion to dismiss the petition pursuant to Civ R. 12(b)(6), predicated upon Appellant's failure to fulfill several filing requirements, as well as the existence of adequate remedies at law, and the doctrine of res judicata.  The trial court granted the motion with prejudice.  Because Appellant does not challenge the jurisdiction of the sentencing court, he has unsuccessfully invoked adequate legal remedies, and he has failed to demonstrate any ambiguity in the sentencing entry, and there fore extraordinary relief is not available.

### Standard of Review

{¶3}    A court may dismiss a habeas action under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted "'if, after all factual allegations are presumed true and all reasonable inferences are made in [the petitioner's] favor, it appears beyond doubt that he could prove no set of facts entitling him to the requested extraordinary relief in habeas corpus.'" *Curtis v. Wainwright*, 2019-Ohio-942, -- N.E.2d --, ¶ 4, quoting *Keith v. Bobby*, 117 Ohio St.3d 470, 2008-Ohio-1443, 884 N.E.2d 1067, ¶

10. We review a dismissal under Civ.R. 12(B)(6) de novo. *Id.,* citing *State ex rel. McKinney v. Schmenk,* 152 Ohio St.3d 70, 2017-Ohio-9183, 92 N.E.3d 871, ¶ 8.

{¶4} In determining whether a civil petition states a viable claim for relief under Civ.R. 12(B)(6), a court can review the allegations in the petition and any materials attached and incorporated into the petition. *See State ex rel. Crabtree v. Franklin Cty. Bd. of Health*, 77 Ohio St.3d 247, 249, 673 N.E.2d 1281, fn. 1 (1997). Attached to the petition are copies of: (1) the three journal entries of sentencing filed in this case, two sentencing entries journalized on December 29, 2008 and one journalized on October 19, 2010; (2) a nunc pro tunc order filed on April 9, 2012; (3) a decision of the Ninth District Court of Appeals vacating in large measure the October 19, 2010 journal entry; and (4) an affidavit of prior civil actions filed pursuant to R.C. 2969.25(A). The motion to dismiss was predicated exclusively on the petition, the attachments to the petition, and the Ninth District opinions issued in the underlying criminal case.

## Procedural History

{¶5} Appellant was tried by jury and convicted of two counts of aggravated robbery with firearms specifications (counts one and two), two counts of robbery with firearms specifications (counts three and four), having a weapon while under disability (count five), one count of theft (count six), and one count of petty theft (count seven). Appellant's sentence was the subject of three sentencing hearings, three journal entries of sentence (one treated as a nullity, one amended by a nunc pro tunc order, and one vacated but for the provision imposing postrelease control), and four Ninth District Court of Appeals decisions.

{¶6} The only sentencing entry relevant to the current appeal memorialized the sentence imposed by the trial court at a hearing on December 19, 2008 ("December 19th sentencing entry"), and sets forth Appellant's prison terms in the third paragraph: three-year mandatory sentences for each of the firearm specifications, five-year sentences for each of the aggravated robbery convictions, and a one-year sentence for the weapons under disability conviction. The sixth and seventh paragraphs of the December 19th sentencing entry read, in their entirety:

IT IS FURTHER ORDERED that the Three (3) year mandatory sentences imposed in this case for firearm specifications be served CONCURRENTLY with each other but shall be served CONSECUTIVELY with the sentences imposed in Counts 1, 2, and 5.

IT IS FURTHER ORDERED that the Defendant is to serve a total of Fourteen (14) years in the Ohio Department of Rehabilitation.

(12/29/18 J.E. p. 2).

{¶7} In Appellant's direct appeal, *State v. Singfield*, 9th Dist. Summit No. 24576, 2009-Ohio-4172 ("*Singfield I*"), the Ninth District reversed Appellant's aggravated robbery convictions based on the Ohio Supreme Court's holdings in *State v. Colon*, 118 Ohio St.3d 26, 2008-Ohio-1624, 885 N.E.2d 917, and *State v. Colon*, 119 Ohio St.3d 204, 2008-Ohio-3749, 893 N.E.2d 169. Within a few months, the decision of the *Singfield I* Court was vacated following the issuance of *State v. Lester*, 123 Ohio St.3d 396, 2009-Ohio-4225, 916 N.E.2d 1038. After vacating its original decision in the direct appeal, the Ninth District issued a second decision overruling all of Appellant's assignments of error and affirming his convictions and sentence. *State v. Singfield*, 9th Dist. Summit No. 24576, 2009-Ohio-5945 ("*Singfield II*").

{¶8} On October 19, 2010, in response to a Criminal Rule 47 motion to correct sentence filed by Appellant based on the Ohio Supreme Court's pronouncements in *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, and *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, the trial court issued the third and final journal entry of sentence in this case, in which it imposed a third and completely different sentence, albeit for the same aggregate length, in addition to addressing the *Bezac/Baker/Fischer* defects in the December 19, 2008 sentencing entry.

{¶9} In *State v. Singfield*, 9th Dist. Summit No. 27680, 2012-Ohio-1331 ("*Singfield III*"), the Ninth District vacated the October 19, 2010 sentencing entry, with the sole exception of the portion that addressed postrelease control. The *Singfield III* Court remanded the matter to the trial court to issue a nunc pro tunc order amending the

December 19th sentencing entry solely with respect to Appellant's manner of conviction, pursuant to *State ex rel. De Wine v. Burge*, 128 Ohio St.3d 236, 2011-Ohio-235, 943 N.E.2d 535, ¶ 19.

**{¶10}** In the final paragraph of *Singfield III,* the Ninth District observed that "Singfield's original *concurrent* sentences remain intact, as does the portion of the appealed resentencing judgment that addresses postrelease control." *Id.* at ¶ 11 (Emphasis added). Appellant relies on the *Singfield III* Court's use of the term "concurrent" to support his claim for release.

**{¶11}** On November 19, 2013, Appellant filed a pro se motion to modify or for correction of sentence pursuant to R.C. 2953.08. The motion was predicated upon the very same argument advanced here. Appellant argued that the December 19th sentencing entry is ambiguous as to whether the sentences for his substantive convictions were imposed to run concurrently with or consecutively to one another, and that the ambiguity must be construed in his favor. The trial court denied the motion.

**{¶12}** In *State v. Singfield*, 9th Dist. Summit No. 27680, 2015-Ohio-2841, ("*Singfield IV")*, the Ninth District affirmed the trial court's denial of Appellant's motion to correct sentence. *Id.* at ¶ 7. The *Singfield IV* Court opined that res judicata barred Appellant's claim insofar as the doctrine applies to all issues which were or could have been raised on direct appeal. Because the alleged error "occurred with the trial court's sentencing entry from 2008, and was thus patent on the face of the record," the *Singfield IV* Court concluded that Appellant's failure to challenge the sentencing entry in his direct appeal barred his claim. *Id.* at ¶ 8-9.

## Law

**{¶13}** R.C. 2725.01 reads, in its entirety, "Whoever is unlawfully restrained of his liberty, or entitled to the custody of another, of which custody such person is unlawfully deprived, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment, restraint, or deprivation." However, if it appears that a person alleged to be restrained of his liberty is in the custody of an officer under process issued by virtue of the judgment or order of a court of record, and that the court had jurisdiction to make the order, the writ of habeas corpus shall not be allowed. R.C. 2725.05.

{¶14} Sentencing errors are not jurisdictional and thus are not generally remediable by extraordinary writ. *Manns v. Gansheimer*, 117 Ohio St.3d 251, 2008-Ohio-851, 883 N.E.2d 431, ¶ 6. Notwithstanding the fact that only nonjurisdictional issues are involved, habeas corpus will lie in certain extraordinary circumstances where there is an unlawful restraint of a person's liberty, but only where there is no adequate legal remedy, e.g., appeal or postconviction relief. *State ex rel. Jaffal v. Calabrese*, 105 Ohio St.3d 440, 2005-Ohio-2591, 828 N.E.2d 107, ¶ 5.

{¶15} A writ of habeas corpus is an extraordinary remedy and is appropriate only when the petitioner is entitled to immediate release from confinement. *See State ex rel. Jackson v. McFaul*, 73 Ohio St.3d 185, 188, 652 N.E.2d 746 (1995). The burden of proof is on the petitioner to show that he is illegally detained, and, therefore, entitled to immediate release. *See Halleck v. Koloski*, 4 Ohio St.2d 76, 77, 212 N.E.2d 601 (1965).

## Analysis

{¶16} Appellant advances five assignments of error, which are taken out-of-order, and grouped together for clarity of analysis and judicial economy:

Second Issue Presented For Review: did the alleged existence of adequate alternative remedies warrant dismissal of the petition?

Fourth Issue Presented for Review: does the respondent's argument that appellant's sentence has not expired warrant dismissal of the petition with prejudice?

{¶17} In *State ex rel. O'Neal v. Bunting*, 140 Ohio St.3d 339, 2014-Ohio-4037, 18 N.E.3d 430, O'Neal entered a guilty plea and was convicted of one count of felonious assault with a gun specification. The trial court imposed a six-year sentence for the felonious assault conviction, and a three-year sentence for the gun specification. The sentencing entry plainly stated that the gun specification sentence was to be served consecutively to O'Neal's then-pending federal sentence for the same conduct. O'Neal argued that the trial court had imposed his three-year gun specification sentence to be served consecutively to his federal sentence, but did not impose the same condition with

Case No. 18 MA 0047

respect to his substantive conviction. He further argued that the ambiguity should be read in his favor to impose concurrent sentences. The trial court dismissed O'Neal's petition, and the Third District affirmed. The Ohio Supreme Court reached the following conclusions regarding O'Neal's petition:

> First, habeas corpus is inappropriate here because sentencing errors are not jurisdictional and thus are not cognizable in habeas corpus. *Dunbar v. State*, 136 Ohio St.3d 181, 2013-Ohio-2163, 992 N.E.2d 1111, ¶ 15; *State ex rel. Hudson v. Sutula*, 131 Ohio St.3d 177, 2012-Ohio-554, 962 N.E.2d 798, ¶ 1.
>
> Second, the availability of other adequate remedies at law also precludes relief in habeas corpus. *State ex rel. Massie v. Rogers*, 77 Ohio St.3d 449, 450, 674 N.E.2d 1383 (1997). O'Neal had, and used, the alternative remedies of appeal and a motion to withdraw his guilty plea.
>
> O'Neal made the same arguments in those actions regarding his sentence that he is making here. "Where a plain and adequate remedy at law has been unsuccessfully invoked, extraordinary relief is not available to relitigate the same issue." *Childers v. Wingard*, 83 Ohio St.3d 427, 428, 700 N.E.2d 588 (1998), citing *State ex rel. Sampson v. Parrott*, 82 Ohio St.3d 92, 93, 694 N.E.2d 463 (1998).
>
> Third, even if he could overcome the procedural and jurisdictional problems with habeas here, his arguments are without merit. The sentencing entry is clear that both his state sentences are to be served consecutively to the federal sentence.

*State ex rel. O'Neal v. Bunting*, *supra* at ¶ 13-16.

{¶18} The Ohio Supreme Court's analysis applies with equal force here. Appellant's sentencing challenge is not jurisdictional. Non-jurisdictional habeas challenges may only be countenanced where no adequate remedy at law exists. Appellant has already raised the identical claim in his motion to correct sentence, and

could have raised the issue in his direct appeal. Finally, despite the *Singfield III* Court's use of the phrase "concurrent sentences," it is clear from the aggregate sentence memorialized in the December 19th sentencing entry that the trial court imposed the sentences for each of Appellant's three substantive convictions to be served consecutively to one another. Accordingly, we find that Appellant's second and fourth assignments of error have no merit and the trial court did not err in dismissing the petition on the merits.

> First issue presented for review: Can the Trial Court dismiss a petition for a writ of habeas corpus with prejudice for failure to comply with the statutory requirements of R.C. § 2725.04(D) and R.C. § 2969.25?

> Fifth issue presented for review: Can a court dismissing a complaint on a motion made pursuant to Civ. R. 12(B)(6), dismiss the complaint with prejudice?

> Third Issue Presented for Review: does the doctrine of res judicata support the dismissal of the of the [sic] petition?

**{¶19}** In his first and fifth assignments of error, Appellant contends that the trial court erred when it dismissed the petition with prejudice based upon Appellant's failure to comply with statutory filing requirements. Appellant also challenges the dismissal of the petition to the extent that the trial court relied on the doctrine of res judicata. As we find that the trial court did not err in dismissing the petition with prejudice, Appellant's first, third, and fifth assignments of error are moot.

## Conclusion

**{¶20}** In summary, Appellant does not challenge the jurisdiction of the sentencing court, he has unsuccessfully invoked adequate legal remedies, and he has failed to demonstrate any ambiguity in the sentencing entry. The December 19th sentencing entry clearly reads that the sentences for Appellant's substantive crimes were imposed to run consecutively to one another, based on the aggregate sentence memorialized in

paragraph seven.  Accordingly, the judgment entry of the trial court dismissing the petition with prejudice pursuant to Civ.R. 12(b)(6) is affirmed.


Donofrio, J., concurs.

Waite, P.J., concurs.

---

For the reasons stated in the Opinion rendered herein, it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed.  Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**