[Cite as *State v. Myers*, 2019-Ohio-4592.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| | | No. 19AP-178 |
| Plaintiff-Appellee, | : | (C.P.C. No. 14CR-1991) |
| v. | : | No. 19AP-180 |
| | | (C.P.C. No. 17CR-808) |
| Marvin E. Myers, | : | |
| | | (ACCELERATED CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on November 7, 2019

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Steven L. Taylor*, for appellee.

**On brief:** *Marvin E. Myers*, pro se.

APPEALS from the Franklin County Court of Common Pleas

BROWN, J.

{¶ 1} In these consolidated appeals, defendant-appellant, Marvin E. Myers, appeals from a judgment of the Franklin County Court of Common Pleas denying his motion for jail-time credit.

{¶ 2} On April 16, 2014, appellant was indicted in case No. 14CR-1991 on one count of failure to provide notice of change of address, in violation of R.C. 2950.05. The indictment alleged conduct by appellant occurring from March 11 to April 2, 2014. It was further alleged the basis of the duty to register was a 2009 conviction for gross sexual imposition.

{¶ 3} On April 18, 2014, appellant entered a plea of not guilty. The entry indicated appellant was arrested on April 2, 2014. On May 12, 2014, appellant was released from jail on bond in case No. 14CR-1991. By entry filed May 22, 2014, appellant's

trial date of June 5 was continued to July 22, 2014. Pursuant to an entry filed June 11, 2014, the trial court ordered appellant's conveyance from the Correctional Reception Center to the Franklin County Corrections Center to await trial in case No. 14CR-1991. By entry filed July 16, 2014, appellant's trial was continued from July 22 to August 20, 2014. That entry included a signature line for "Defendant" that contained a handwritten notation: "In Prison Unable to Sign." Appellant's trial in case No. 14CR-1991 was continued for trial for October 7, 2014.

{¶ 4} In a letter dated September 11, 2014, appellant sent the trial court correspondence from Orient Correctional Institution. A warrant filed October 8, 2014 indicated appellant was "in the custody of the Warden of the Pickaway Correctional Institution." The trial date of October 7 was continued for trial for November 24, 2014. On November 24, 2014, new counsel was appointed for appellant, and the trial date was continued. A continuance entry filed July 16, 2015 indicated appellant was required to be transported "from PCI" (Pickaway Correctional Institution).

{¶ 5} On September 16, 2015, a continuance entry was filed which stated a "new case may be indicted." On October 20, 2015, an entry was filed stating the case was continued to be "set with new indictment" in case No. 15CR-4844. On September 27, 2016, a continuance entry was filed indicating appellant had been "indicted on new case." A new case number (16CR-5260) appeared in the filings in addition to case Nos. 14CR-1991 and 15CR-4844.

{¶ 6} On February 8, 2017, appellant was indicted in case No. 17CR-808[1] on five counts of rape, in violation of R.C. 2907.02, and four counts of sexual battery, in violation of R.C. 2907.03. The indictment alleged conduct occurring from December 1 and 8, 2014.

{¶ 7} On September 10, 2018, appellant entered a guilty plea in case No. 14CR-1991 to one count of failure to provide notice of change of address, in violation of R.C. 2950.05. Also on that date, appellant entered a guilty plea in case No. 17CR-808 to Count 5 (sexual battery), a felony of the third degree, and to Count 9 (sexual battery), a stipulated lesser-included offense.

---

[1] During a hearing before the trial court conducted on March 12, 2018, the prosecutor represented that "the '15 [case No. 15CR-4844] and the '16 [case No. 16CR-5260] cases that are pending were merged into a new indictment. That's the 2017 [case No. 17CR-808] case." (Mar. 12, 2018 Tr. at 8.)

{¶ 8}  By entry filed September 11, 2018, the trial court imposed a sentence of 24 months in case No. 14CR-1991 to be served concurrent with the sentence in case No. 17CR-808.  In its entry, the trial court granted appellant 1,027 days of jail-time credit in case No. 14CR-1991.

{¶ 9}  By entry also filed September 11, 2018, the trial court entered sentence in case No. 17CR-808, imposing a sentence of 36 months each on Counts 5 and 9, to be served consecutive to each other, but concurrent to the sentence in case No. 14CR-1991. The trial court granted appellant jail-time credit of 1,027 days in case No. 17CR-808.

{¶ 10} On February 7, 2019, appellant filed a pro se motion for jail-time credit, styled under case Nos. 14CR-1991 and 17CR-808.  In the motion, appellant asserted in part: "[d]efendant states that he did not recieeive [sic] all the jail-time credit to which he was entitled to Defendant was held on these cases 04/02/2014 to 11/25/2014 in the Franklin County Corr. Cent."  Appellant requested an additional 300 days of jail-time credit.  Attached to the motion was a one-page "Franklin County Arrest Record."

{¶ 11} On February 12, 2019, plaintiff-appellee, State of Ohio, filed a memorandum in opposition to the motion for jail-time credit.  By entries filed February 25, 2019, the trial court denied appellant's request for jail-time credit in both case Nos. 14CR-1991 and 17CR-808.

{¶ 12} On appeal, appellant, pro se, sets forth the following five assignments of error for this court's review:

> [I.] The trial court committed reversible error when it declined to correct Mr. Myers's jail-time credit to reflect the number of days of confinement that Mr. Myers is entitled to have credited towards his sentence, denying him a substantial right under Ohio law and equal protection of the law under the Fifth and Fourteenth Amendments to the U.S. Constitution, and Section 2, Article I of the Ohio Constitution.

> [II.] The trial court abused its discretion and denied Mr. Myers Due Process and Equal Protection of the law when it failed to consider the merits of his motion for jail-time credit, in violation of the Fifth and Fourteenth Amendments to the United States Constitution, and R.C. 2929.19(B)(2)(g)(iii) and the Ohio Constitution.

[III.] The trial court abused its discretion by its failure to properly calculate the correct number of day of jail time credit the appellant is entitled to and to incorporate the days in the journal entry. Thereby, leaving it up to the Appellant to figure out his own JTC time.

[IV.] Petitioner was denied his rights of due-process and assistance of trial and appellate counsel as guaranteed by the Sixth and Fourteenth Amendments of the United States Constitution, because his state-appointed attorney provided ineffective assistance.

[V.] The defendant's motion is not barred by res judicata, and to do so would be in violation of the Ohio and United States constitutions.

(Sic passim.)

{¶ 13} Appellant's first, second, and third assignments of error are interrelated and will be considered together. Under these assignments of error, appellant contends the trial court erred and abused its discretion in: (1) declining to correct his jail-time credit to reflect the number of days of confinement he is entitled, (2) failing to consider the merits of his motion for jail-time credit, and (3) failing to properly calculate the correct number of days of jail-time credit and to incorporate those days into a judgment entry.

{¶ 14} Pursuant to R.C. 2929.19(B)(2)(h)(i),[2] when a trial court imposes a sentence it is required to determine and "notify the offender of, and include in the sentencing entry the number of days that the offender has been confined for any reason arising out of the offense for which the offender is being sentenced."

{¶ 15} Further, R.C. 2967.191 states in part:

(A) The department of rehabilitation and correction shall reduce the prison term of a prisoner * * * by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term * * *.

---

[2] Formerly R.C. 2929.19(B)(2)(g)(i); renumbered by Ohio S.B. No. 201, effective March 22, 2019.

{¶ 16} A criminal defendant "challenging a trial court's finding of jail-time credit has the burden to show an error in the jail-time credit calculation." *State v. Churchill,* 10th Dist. No. 16AP-763, 2017-Ohio-2875, ¶ 15, citing *State v. Thomas,* 10th Dist. No. 12AP-144, 2012-Ohio-4511, ¶ 9. Further, " '[i]f the appellant has failed to demonstrate error and no miscalculation in the jail-time credit is apparent from the record, any claimed error must be overruled.' " *Id.,* quoting *Thomas* at ¶ 9.

{¶ 17} As indicated, the trial court determined appellant was entitled to 1,027 days of jail-time credit in both cases (14CR-1991 and 17CR-808). In his motion for jail-time credit, appellant requested "an additional <u>300</u> days of jail-time credit, for a total of <u>1336</u> days of credit." (Emphasis sic.) Appellant argued he failed to receive "all the jail-time credit to which he was entitled," and that he "was held on these cases 04/02/2014 to 11/25/2014" in the Franklin County Correction Center. As in his motion before the trial court, appellant similarly argues on appeal that he is entitled to an additional 300 days of jail-time credit.

{¶ 18} In response, the state argues the issue is moot with respect to case No. 14CR-1991 as the trial court already recognized 1,027 days of jail-time credit which, the state maintains, completely swallows up the 24-month sentence in that case. The state further argues that, because appellant made bond in case No. 14CR-1991 on May 12, 2014, and was being held in prison thereafter, he would not be entitled to jail-time credit for days in custody owing to prison sentences in other cases. Finally, the state argues appellant's motion for jail-time credit with respect to the timeframe of April to November 2014 had no relevance to case No. 17CR-808, as the offenses charged in that case did not occur until December 2014.

{¶ 19} We note at the outset that, while appellant contends he is entitled to 300 days of jail-time credit for the period from April 2 to November 25, 2014, the subject time period, at most, involves a total of 237 days. Further, as argued by the state, the record indicates appellant was released on bond in case No. 14CR-1991 on May 12, 2014.[3]

---

[3] During a bond hearing, counsel for appellant acknowledged appellant had posted bond in case No. 14CR-1991, stating in part: "On the '14 case, he posted a $2,000 bond and is still out on that." (June 11, 2018 Tr. at 4.) The trial court similarly noted during that hearing "the '14 he's already posted on." ( June 11, 2018 Tr. at 6.)

{¶ 20} As cited above, the language of R.C. 2967.191 "requires jail-time credit for 'the total number of days that the prisoner was confined for any reason *arising out of the offense* for which the prisoner was convicted.' " (Emphasis sic.) *State v. Doyle,* 10th Dist. No. 12AP-567, 2013-Ohio-3262, ¶ 20, quoting R.C. 2967.191. In this respect, "[t]he statute * * * 'requires a connection between the jail-time confinement and the offense upon which the defendant is convicted.' " *Id.,* quoting *Thomas* at ¶ 6. Thus, " '[t]here is no jail-time credit for time served on unrelated offenses, even if that time served runs concurrently during the pre-detention phase of another matter.' " *Id.,* quoting *State v. Hunter,* 10th Dist. No. 08AP-183, 2008-Ohio-6962, ¶ 20.

{¶ 21} In support of his motion for jail-time credit, appellant attached a one-page arrest record. That document lists various dates and designations, including the following 2014 information: (1) "APA PAROLE HOLD" on "04/02/2014"; (2) "NOTICE OF CHANGE OF ADDRESS" in case No. "6929" on "04/02/2014"; (3) NOTICE OF CHANGE OF ADDRESS" in case No. "14CR1991" on "o4/02/2014"; (4) "NOTICE OF CHANGE OF ADDRESS" in case No. "14CR1991" on "07/18/2014"; and (5) "NOTICE OF CHANGE OF ADDRESS" in case No. "14CR1991" on "11/20/2014."

{¶ 22} The state argues that, while the record indicates appellant was released on bond in case No. 14CR-1991, and that he was serving prison time during the claimed time period, the arrest record offered no explanation as to the basis for appellant's custodial status or how long he remained in jail. On review, we agree, and find the record before this court, including the evidence submitted by appellant in support of his motion, does not permit us to determine whether appellant was confined during the subject time period as a result of the charges in this case (as opposed to confinement for unrelated matters). *See, e.g.*, *State v. Smith,* 10th Dist. No. 15AP-209, 2015-Ohio-4465, ¶ 14 (appellant failed to show error in trial court's jail-time credit calculation where motion for jail-time credit contains only "conclusory allegations concerning the amount of time he spent in jail in two cases" and the attachments to motion indicate dates of arrests but not the amount of time spent in jail). Based on the record presented, appellant has "not established the required connection between the jail-time confinement and the offense upon which [he] was convicted." *Thomas* at ¶ 13.

{¶ 23} Appellant has therefore failed to meet his burden of demonstrating "error through the record," including a failure to explain how he is entitled to 300 additional days of jail-time credit. *State v. Parsons,* 10th Dist. No. 03AP-1176, 2005-Ohio-457, ¶ 9. Accordingly, appellant has not demonstrated the trial court erred in denying the motion for jail-time credit.

{¶ 24} Based on the foregoing, appellant's first, second, and third assignments of error are not well-taken and are overruled.

{¶ 25} Under his fourth assignment of error, appellant raises a claim of ineffective assistance of counsel. Specifically, appellant contends his trial counsel was ineffective in failing to challenge the number of jail-time credit days awarded by the trial court.

{¶ 26} A claim of ineffective assistance of counsel requires a defendant to show that counsel's performance was deficient and that such deficient performance prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 687 (1984).

{¶ 27} As noted by the state, appellant's motion for jail-time credit before the trial court did not raise a claim of ineffective assistance of counsel. In general, appellate courts will not address for the first time on appeal issues "not raised to or addressed by the trial court." *Churchill* at ¶ 18. Further, in addressing the previous assignments of error, we determined appellant failed to establish the required connection between the jail-time confinement and the offenses upon which he was convicted. Given the lack of evidence in the record to support his motion, appellant also cannot show that his counsel's performance "fell below prevailing professional norms nor dictated a different outcome from that which different representation might have secured." *Doyle* at ¶ 29. *See also State v. Williams,* 10th Dist. No. 16AP-540, 2017-Ohio-5598, ¶ 56 (given insufficient record as to whether detention of appellant arose out of offense for which he was convicted, appellant could not demonstrate deficient performance by trial court in requesting only 20 days of jail-time credit).

{¶ 28} Appellant's fourth assignment of error is not well-taken and is overruled.

{¶ 29} Under the fifth assignment of error, appellant asserts his motion for jail-time credit should not be barred by res judicata. We note, however, the trial court's judgment entry does not indicate it denied the motion for jail-time credit based on the doctrine of res judicata.

{¶ 30} Further, in light of our disposition of the first, second, and third assignments of error, finding appellant did not carry his burden of demonstrating error in the record with respect to calculation of jail-time credit, the argument raised under the fifth assignment of error is rendered moot.

{¶ 31} Based on the foregoing, appellant's first, second, third, and fourth assignments of error are overruled, the fifth assignment of error is rendered moot, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

KLATT, P.J., and NELSON, J., concur.