[Cite as *Myers v. Gray*, 2022-Ohio-1918.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
BELMONT COUNTY

MARVIN E. MYERS,

Plaintiff-Appellant,

v.

WARDEN DAVID W. GRAY,

Defendant-Appellee.

**OPINION AND JUDGMENT ENTRY**
Case No. 21 BE 0021

Civil Appeal from the
Court of Common Pleas of Belmont County, Ohio
Case No. 20 CV 275

**BEFORE:**
David A. D'Apolito, Gene Donofrio, Cheryl L. Waite, Judges.

**JUDGMENT:**
Affirmed.

Marvin E. Myers, *Pro Se,* Belmont Correctional Institution, P.O. Box 540, St. Clairsville, Ohio 43950, Plaintiff-Appellant and

*Atty. David A. Yost,* Ohio Attorney General, and *Atty. M. Scott Criss,* Assistant Attorney General, Criminal Justice Section, 30 East Broad Street, 23rd Floor, Columbus, Ohio 43215, for Defendant-Appellee.

Dated:  May 31, 2022

**D'Apolito, J.**

{¶1}   Appellant, Marvin E. Myers, appeals from the April 29, 2021 judgment of the Belmont County Court of Common Pleas granting Appellee's, David Gray, Warden (Belmont Correctional Institution Warden), Civ.R. 12(B)(6) motion to dismiss Appellant's pro se petition for a writ of habeas corpus.  In this appeal, Appellant takes issue with his sentence, specifically jail-time credit, and is seeking an immediate release from prison. Finding no reversible error, we affirm.

## FACTS AND PROCEDURAL HISTORY

{¶2}   On April 16, 2014, Appellant was indicted in the Franklin County Court of Common Pleas, Case No. 14CR-1991, on one count of failure to provide notice of change of address, in violation of R.C. 2950.05.  The offense was a violation of his post-release control supervision from a 2009 conviction for gross sexual imposition.  Appellant pled not guilty and was released from jail on bond.  The trial date was continued several times.

{¶3}   While that case was pending, on February 8, 2017, Appellant was indicted in the Franklin County Court of Common Pleas, Case No. 17CR-808, on five counts of rape in violation of R.C. 2907.02, and four counts of sexual battery in violation of R.C. 2907.03.  On September 10, 2018, Appellant, through counsel, pled guilty to one count of failure to provide notice of change of address in Case No. 14CR-1991 and two counts of sexual battery in Case No. 17CR-808.

{¶4}   On September 11, 2018, the Franklin County Court of Common Pleas sentenced Appellant to 24 months in prison in Case No. 14CR-1991 to be served concurrently with a six-year sentence in Case No. 17CR-808, for a total aggregate sentence of six years.  Appellant was granted 1,027 days of jail-time credit in each case.

{¶5}   On February 7, 2019, Appellant filed a pro se motion for jail-time credit in Case Nos. 14CR-1991 and 17CR-808 requesting an additional 300 days of credit.  The State of Ohio filed an opposition.  On February 25, 2019, the Franklin County Court of Common Pleas denied Appellant's request in both cases.

Case No. 21 BE 0021

{¶6} Appellant filed pro se appeals in the Tenth District Court of Appeals, Case Nos. 19AP-178 and 19AP-180. On November 7, 2019, the Tenth District determined that Appellant failed to carry his burden of demonstrating error in the record with respect to the calculation of jail-time credit and affirmed the judgments of the Franklin County Court of Common Pleas. *State v. Myers*, 10th Dist. Franklin Nos. 19AP-178 and 19AP-180, 2019-Ohio-4592.

{¶7} On November 12, 2020, Appellant filed a pro se petition for a writ of habeas corpus in the Belmont County Court of Common Pleas, Case No. 20 CV 275, alleging that he is being illegally detained because his sentence expired on June 25, 2020. On December 14, 2020, Appellee filed a Civ.R. 12(B)(6) motion to dismiss arguing that Appellant had an alternative remedy in which to raise his claim and that because his maximum sentence has not expired, he is not entitled to habeas relief. On January 8, 2021, Appellant filed an objection.

{¶8} On April 29, 2021, the Belmont County Court of Common Pleas granted Appellee's motion to dismiss Appellant's pro se petition for a writ of habeas corpus following a hearing.

{¶9} Appellant filed the instant pro se appeal with this court, Case No. 21 BE 0021, and raises five assignments of error.[1]

## ASSIGNMENT OF ERROR NO. 1

**THE TRIAL COURT DENIED THE DEFENDANT-APPELLANT DUE PROCESS AND EQUAL PROTECTION UNDER THE LAW WHERE IT FAILED TO CALCULATE AND CREDIT THE DEFENDANT'S**

---

[1] Appellant filed his pro se brief on October 7, 2021. Appellee filed his brief on December 17, 2021. We note that Appellee incorrectly asserts two points: (1) that Appellant failed to attach copies of his commitment papers to his habeas corpus petition; and (2) that Appellant has already been released from prison. (12/17/2021 Appellee's Brief, p. 6-8). First, the record reveals that Appellant did attach his commitment papers (including the September 11, 2018 sentencing entries in both Case Nos. 14CR-1991 and 17CR-808) to his November 12, 2020 pro se petition for a writ of habeas corpus. And second, the record does not reveal that Appellant has been released from prison. In fact, according to the Ohio Department of Corrections and Rehabilitation Offender Search website, Appellant's "Status" at this time in both cases at issue is still "Incarcerated" with an "Expected Release Date/Parole Eligibility Date" of September 16, 2022. Nevertheless, notwithstanding these inaccuracies, Appellee correctly argues that Appellant's petition was properly denied because his claim is not cognizable in a habeas corpus action as he had an adequate alternative legal remedy in which to raise his claim. (12/17/2021 Appellee's Brief, p. 2-6).

CONFINEMENT (JAIL TIME) CREDIT AND PRIOR INCARCERATION IN ITS SENTENCING ENTRY.

## ASSIGNMENT OF ERROR NO. 2

THE TRIAL COURT ABUSED ITS DISCRETION AND DENIED MR. MYERS DUE PROCESS AND EQUAL PROTECTION OF THE LAW WHEN IT FAILED TO CONSIDER THE MERITS OF HIS MOTION FOR JAIL-TIME CREDIT, IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND R.C. 2929.19(B)(2)(g)(iii) AND THE OHIO CONSTITUTION.

## ASSIGNMENT OF ERROR NO. 3

APPELLANT HAS MET THE BURDEN OF DEMONSTRATING "ERROR THROUGH RECORD."

## ASSIGNMENT OF ERROR NO. 4

THE TRIAL COURT ABUSED ITS DISCRETION BY ITS FAILURE TO PROPERLY CALCULATE THE CORRECT NUMBER OF DAYS OF JAIL TIME CREDIT THE APPELLANT IS ENTITLED TO AND TO INCORPORATE THE DAYS IN THE JOURNAL ENTRY. THEREBY, LEAVING IT UP TO THE APPELLANT TO FIGURE OUT HIS OWN JTC TIME.

## ASSIGNMENT OF ERROR NO. 5

THE COURT IS REQUIRED TO CALCULATE ALL THE TIME. MR. MYERS FIRST CASE 14CR-1991 CASE WAS NEVER CALCULATED FROM THE ORIGINAL DAY OF ARREST. IF IT WOULD HAVE BEEN CALCULATED, THEN IT SHOULD HAVE BEEN DISMISSED OR AT LEAST HE SERVED MORE TIME ON THE CASE THAN ORIGINALLY SENTENCED TO. SINCE R.C. 2967.191 WAS MANDATORY, THE TRIAL COURT'S FAILURE TO PROPERLY CALCULATE CREDIT AND

**INCLUDE IN THE SENTENCING ORDER WAS PLAIN ERROR. STATE V. MILLER, 2005-OHIO-1300, 2005 OHIO APP LEXIS 1271 (OHIO CT. APP CUYAHOGA COUNTY 2005).**

{¶10} Because all of Appellant's assignments of error are interrelated, as they concern his sentence, specifically jail-time credit, we will address them together.

A court may dismiss a habeas action under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted "'if, after all factual allegations are presumed true and all reasonable inferences are made in (the petitioner's) favor, it appears beyond doubt that he could prove no set of facts entitling him to the requested extraordinary relief in habeas corpus.'" *Curtis v. Wainwright*, 2019-Ohio-942, ⸺ N.E.2d ⸺, ¶ 4, quoting *Keith v. Bobby*, 117 Ohio St.3d 470, 2008-Ohio-1443, 884 N.E.2d 1067, ¶ 10. We review a dismissal under Civ.R. 12(B)(6) de novo. *Id.,* citing *State ex rel. McKinney v. Schmenk*, 152 Ohio St.3d 70, 2017-Ohio-9183, 92 N.E.3d 871, ¶ 8.

In determining whether a civil petition states a viable claim for relief under Civ.R. 12(B)(6), a court can review the allegations in the petition and any materials attached and incorporated into the petition. *See State ex rel. Crabtree v. Franklin Cty. Bd. of Health*, 77 Ohio St.3d 247, 249, 673 N.E.2d 1281, fn. 1 (1997).

*Singfield v. LaRose*, 7th Dist. Mahoning No. 18 MA 0047, 2019-Ohio-1679, ¶ 3-4.

{¶11} R.C. 2725.01, "Persons entitled to writ of habeas corpus," states in its entirety: "Whoever is unlawfully restrained of his liberty, or entitled to the custody of another, of which custody such person is unlawfully deprived, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment, restraint, or deprivation."

{¶12} However, R.C. 2725.05, "Writ not allowed," provides:

If it appears that a person alleged to be restrained of his liberty is in the custody of an officer under process issued by a court or magistrate, or by

virtue of the judgment or order of a court of record, and that the court or magistrate had jurisdiction to issue the process, render the judgment, or make the order, the writ of habeas corpus shall not be allowed. * * *

R.C. 2725.05.

Sentencing errors are not jurisdictional and thus are not generally remediable by extraordinary writ. *Manns v. Gansheimer*, 117 Ohio St.3d 251, 2008-Ohio-851, 883 N.E.2d 431, ¶ 6. Notwithstanding the fact that only nonjurisdictional issues are involved, habeas corpus will lie in certain extraordinary circumstances where there is an unlawful restraint of a person's liberty, but only where there is no adequate legal remedy, e.g., appeal or postconviction relief. *State ex rel. Jaffal v. Calabrese*, 105 Ohio St.3d 440, 2005-Ohio-2591, 828 N.E.2d 107, ¶ 5.

A writ of habeas corpus is an extraordinary remedy and is appropriate only when the petitioner is entitled to immediate release from confinement. *See State ex rel. Jackson v. McFaul*, 73 Ohio St.3d 185, 188, 652 N.E.2d 746 (1995). The burden of proof is on the petitioner to show that he is illegally detained, and, therefore, entitled to immediate release. *See Halleck v. Koloski*, 4 Ohio St.2d 76, 77, 212 N.E.2d 601 (1965).

*Singfield, supra*, at ¶ 14-15.

{¶13} A petitioner-appellant "'may not use habeas corpus to obtain successive appellate reviews of the same issue.' *Wells v. Hudson*, 113 Ohio St.3d 308, 2007-Ohio-1955, 865 N.E.2d 46, ¶ 7, citing *State ex rel. Rash v. Jackson*, 102 Ohio St.3d 145, 2004-Ohio-2053, 807 N.E.2d 344." *Ex rel. Gray v. Bowen*, 7th Dist. Mahoning No. 18 MA 0044, 2019-Ohio-501, ¶ 6.

{¶14} In this appeal, Appellant asserts he is entitled to additional jail-time credit such that his sentence has already expired. This same claim, however, was already presented in a petition to the trial court that sentenced him. The substantive merits of

Case No. 21 BE 0021

Appellant's claim have already been ruled upon by a trial court with appropriate subject matter jurisdiction. That decision was reviewed and affirmed by a court of appeals.

{¶15} As stated, on February 7, 2019, Appellant filed a pro se motion for jail-time credit with the Franklin County Court of Common Pleas in Case Nos. 14CR-1991 and 17CR-808. On February 25, 2019, the trial court denied Appellant's request in both cases. Appellant filed pro se appeals in the Tenth District Court of Appeals, Case Nos. 19AP-178 and 19AP-180. On November 7, 2019, the Tenth District determined that Appellant failed to carry his burden of demonstrating error in the record with respect to the calculation of jail-time credit and affirmed the trial court's judgments. *Myers, supra.*

{¶16} Upon consideration of the merits, we agree with the Tenth District and find that the record does not permit us to determine whether Appellant was confined during the subject time period as a result of the charges in this case (as opposed to confinement for unrelated matters). *Id.* at ¶ 22, citing *State v. Smith,* 10th Dist. No. 15AP-209, 2015-Ohio-4465, ¶ 14 (appellant failed to show error in trial court's jail-time credit calculation where motion for jail-time credit contains only "conclusory allegations concerning the amount of time he spent in jail in two cases" and the attachments to motion indicate dates of arrests but not the amount of time spent in jail). The arrest record offers no explanation as to the basis for Appellant's custodial status or how long he remained in jail. *Id.* Appellant has failed to meet his burden of demonstrating error through the record. Thus, Appellant's claim fails on the merits.

{¶17} In addition, we stress that Appellant's same sentencing claim regarding jail-time credit in the current appeal before us is also barred under the doctrine of res judicata. *Bowen, supra,* at ¶ 8. "A final judgment on the merits bars subsequent actions based on claims arising out of the occurrence that was the subject of the prior action." *Villio v. Fred Martin Ford, Inc.*, 7th Dist. Mahoning No. 20 MA 0090, 2021-Ohio-2361, ¶ 24.

{¶18} Because Appellant had an adequate legal remedy for his claim available to him, and availed himself of this avenue of relief, though unsuccessfully, he may not rely on habeas corpus relief as an addition or substitute. *Singfield, supra*, at ¶ 14-15, 17 ("'Where a plain and adequate remedy at law has been unsuccessfully invoked, extraordinary relief is not available to relitigate the same issue.'") Accordingly, the

Belmont County Court of Common Pleas did not err in denying Appellant's pro se petition for a writ of habeas corpus.

{¶19} Appellant's assignments of error are without merit.

## CONCLUSION

{¶20} For the foregoing reasons, Appellant's assignments of error are not well-taken. The April 29, 2021 judgment of the Belmont County Court of Common Pleas granting Appellee's Civ.R. 12(B)(6) motion to dismiss Appellant's pro se petition for a writ of habeas corpus is affirmed.

Donofrio, P.J., concurs.

Waite, J., concurs.

_____

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Belmont County, Ohio, is affirmed. Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

### <u>NOTICE TO COUNSEL</u>

**This document constitutes a final judgment entry.**